PALMER *v.* HILL.

Contracts—Locus—Interest—Computation—Mortgages.

> Where a note and mortgage executed in California in favor of
> a Michigan bank, on Michigan real estate, is sent to the mort-
> gagee in Michigan, where it is accepted and the consideration
> paid, the contract is a Michigan contract and the interest on
> the note must be computed by the Michigan rule, notwith-
> standing it stipulates for compound interest according to the
> California rule.

Appeal from St. Joseph; Yaple, J. Submitted April
27, 1905. (Docket No. 105.) Decided June 8, 1905.

Bill by George W. Palmer and Marc W. Connor against
Edwin R. Hill and others for an accounting and the dis-
charge of a mortgage. From a decree for complainants,
defendants appeal. Affirmed.

*Keightley & Knowlen* (*Dallas Boudeman,* of counsel),
for complainants.

*R. R. Pealer* and *George E. Miller* (*H. P. Stewart,*
of counsel), for defendants.

Blair, J. The defendants were engaged in the bank-
ing business at Colon, St. Joseph county, Mich., and had
been so engaged for many years prior to the transaction
here involved, and they resided there during all the years
covered by the transactions between themselves and the
complainant Marc W. Connor. They did business under
the name of the Exchange Bank of Colon. Complainant
Connor for many years resided in St. Joseph county,
Mich. (from 1839 to 1887), and was for a time engaged in
buying wheat for the defendants, and in closing up their
wheat business Mr. Connor was found to be owing to de-

fendants the sum of $500.   Before going to California, in 1887, he gave defendants his note for this $500, and this note he thereafter renewed about every six months until about October, 1889, when defendants wrote Mr. Connor, asking him to secure the payment of this $500 note by a mortgage upon 40 acres of land owned by him in St. Joseph county.   The original and the various renewals of this $500 note were made payable at the defendants' bank at Colon.   When Mr. Connor received the request that he make a mortgage on his land in St. Joseph county, Mich., for the $500 which he was owing, he wired defendants at Colon, from Los Angeles, where he was then living, as follows:   "Loan me two thousand, one year, home eighty. Wire answer."   In reply to this defendants wired back a reply that they would make a loan of $2,500, and take out a note then owing them (being the same $500 note above mentioned), note and mortgage to be secured by mortgage on the home 80.   Thereupon Mr. Connor made out a note and mortgage for $2,500, the note being made payable at the defendants' banking house in Colon, Mich., due in one year, and the mortgage was made upon the 80 acres of land owned by Mr. Connor in St. Joseph county, being the same land mentioned in his original telegram. Mr. Connor then placed the note and mortgage in the hands of the California Bank of Los Angeles, Cal., as his agent, to forward to Exchange Bank, Colon, and the same was forwarded by the California Bank, with instructions that same was sent as per defendants' telegram to Mr. Connor, and to deduct from the amount the $500 note and interest, costs of abstract, etc., and to return said note to the California Bank, with statement of the amount of charges, and to remit the balance to the National Bank of the Republic, N. Y., for credit to the California Bank.   Some days after receiving the $2,500 note and mortgage at Colon, defendants marked the $500 note "Paid," and forwarded the same, with a statement of expenses, back to the California Bank, and sent the balance, $1,991.11, to the National Bank of the Republic,

N. Y., to be placed to the credit of the California Bank. From time to time money was paid by and for Mr. Connor upon this note and mortgage until later on defendants attempted a foreclosure by advertisement, and it was about that time discovered by Mr. Connor that the defendants were then claiming that they were entitled to figure compound interest upon the debt. The note was in terms as follows:

"$2500.00.    LOS ANGELES, CALIFORNIA, Oct. 18, 1889.

" One year after date for value received, we promise to pay Edwin R. Hill and Thomas J. Hill, or order, at the Exchange Bank of Colon, Michigan, the sum of Twenty-five hundred dollars ($2,500.00) with interest at the rate of eight (8) per cent. per annum from date until paid, interest payable annually, and if not so paid, to be compounded annually and bear the same rate of interest as the principal, and should the interest not be paid annually, then the whole sum of principal and interest shall become immediately due and payable at the option of the holder of this note. Should suit be commenced to enforce the payment of this note, we agree to pay an additional sum of one (1) per cent. on principal as attorney fees in such suit. Principal and interest payable in gold coin of the U. S.

"MARC W. CONNOR.
"MARY ANNETTE CONNOR."

After the institution of the proceedings for foreclosure by advertisement, which were afterwards conceded to be invalid, the complainant Connor tendered the amount due on the note and mortgage, computing interest in accordance with the Michigan rule, which defendants refused to receive, insisting upon compound interest, under the California rule, and proceeded with said foreclosure, and on the 2d day of October, 1902, the premises were sold to the defendants E. R. and T. J. Hill, and a deed to them recorded with the register of deeds. Thereupon complainants filed their bill of complaint for an accounting as to the amount due, considering the tender, for the discharge of the mortgage, for the avoiding of the sheriff's deed,

and for the statutory penalty for refusal to release the mortgage. The court entered a decree in favor of complainants upon the theory that the note and mortgage constituted a Michigan contract. The defendants have appealed to this court upon the theory that the instruments in question constituted a California contract, and therefore they were entitled to a decree in their favor as to the amount due. This contention of the parties presents the sole question for our determination.

We think the holding of the trial court was clearly correct. No contract came into existence until the note and mortgage, transmitted by the California Bank, as the agent of complainant Connor, were received in Michigan and accepted in Michigan by the defendants. The contract was to be performed by the payment of the money at the defendants' bank in Michigan. The performance of the contract was secured by a mortgage upon Michigan real estate. Part of the consideration of the note was the discharge as paid of a $500 Michigan note. And the books of the defendants showed that for two years and eleven months they computed the interest in accordance with the Michigan rule.

The decree is affirmed, with costs to complainants.

MOORE, C. J., and GRANT, MONTGOMERY, and OSTRANDER, JJ., concurred.