CASE 40—PETITION EQUITY—FEBRUARY 7.

# Pilcher v. Ligon, &c.

APPEAL FROM LOUISVILLE CHANCERY COURT.

1. RES ADJUDICATA—SUIT FOR PART OF DEMAND.—Where one has sued for a part of an entire demand, he will not be allowed to sue for the residue in another action; and this is true, although the court in which the first suit was brought did not have jurisdiction of the full amount of plaintiff's claim, and although the judgment was for defendant.

2. SAME.—As the record of a suit in a justice's court shows "judgment for defendant, and judgment for defendant against plaintiff on counter-claim," the record is conclusive that the case was heard and judgment rendered upon the merits, and plaintiff will not be heard to contradict the record by saying that he dismissed the case without prejudice for the purpose of bringing an action in the circuit court for the full amount of his claim, suit having been brought in the justice's court for only a part of the claim.

LANE & BURNETT FOR APPELLANT.

No brief in record.

JAMES R. W. SMITH FOR APPELLEE STEVENS.

The judgment in the justice's court is a bar to this action.

JUDGE BENNETT DELIVERED THE OPINION OF THE COURT.

The appellant, as the appellee's, Annie E. Ligon's, attorney, recovered the possession of the tract of land in controversy for her, but failed to expressly reserve a lien on the judgment upon the land for his fee as attorney. In a few days after the judgment was rendered the appellee Ligon sold the land to the appellee Stevens, and the appellant, as the attorney of appellee Ligon, prepared and delivered a deed to the appellee Stevens for the land, assuring him that the title was good and unincumbered, except a lien of one hundred

dollars in favor of Straus and others. Thereafter the appellant sued the appellee Ligon, in the justice's court, for fifty dollars, his fee in said case.

The justice's record is: "Judgment for defendant, Annie Ligon, and judgment for defendant against the plaintiff on counter-claim for twenty-eight dollars and ninety-five cents." This judgment, standing in full force, is conclusive that the case was heard and judgment rendered upon the merits of the case, and the appellant will not be heard to contradict the record by saying that he dismissed his case without prejudice, for the purpose of bringing an action in the chancery court for the full amount of his fee, two hundred and fifty dollars.

The justice's record being conclusive of the fact that the appellant's claim for fifty dollars attorney's fee in said case was heard upon its merits, the question arises, can the appellant sue for a larger amount in the chancery court? The answer is, that the law will not permit a party who has sued for a part of an entire demand to sue for the residue in another action. This rule seems to be uniform. (Bancroft v. Winspear, 49 Barb., 209 ; Fish v. Folley, 6 Hill, 54; Marble v. Keyes, 9 Gray, 221.)

But it may be said the justice's court did not have jurisdiction of the full amount of the appellant's claim.

The answer is, that the entire cause of action was the appellant's right to an attorney's fee, and he gave the justice's court jurisdiction of that matter by bringing his action therein to recover fifty dollars for said service. To allow him to split the entire cause of action into many causes of action, and to harass the defend-

ant with a separate action on each, would be a travesty upon legal justice.

But the agency of the appellant, as indicated in the sale of the land to the appellee Stevens, without disclosing and reserving his lien, estops him from now asserting it.

The judgment is affirmed.