## Douglas v. Troxell, et al.

(Decided October 15, 1918.)

### Appeal from McCreary Circuit Court.

1. Judgment—Res Judicata.—Matters which have been set up as a defense in a former action, between the same parties, are res judicata, and cannot be asserted as a cause of action in avoidance of the judgment in the first action.

2. Action—When New Action Not Allowed.—Section 17 of the Civil Code does not authorize a new action upon a claim which was urged as a defense and disallowed in a former action between the same parties.

L. G. CAMPBELL for appellant.

H. C. CRESS for appellees.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

In the year 1892 W. R. Hamby sold to his son-in-law, the appellant, J. E. Douglas, two tracts of land for

$300.00 and executed to him two title bonds therefor. In 1904 Douglas sold this same land to appellee, J. B. Troxell, for $300.00, $125.00 of which was paid in cash, and for the remaining $175.00 Troxell executed and delivered to Douglas his note, which was the only writing executed in connection with the trade; but it was verbally agreed between them and Hamby that, upon the payment by Troxell of his $175.00 note, Hamby should make a deed for the land direct to Troxell instead of Douglas. The note was afterward paid and Hamby, at Troxell's request, in 1911, executed to Troxell a general warranty deed for the land. Thereafter, in 1912, Douglas entered upon a portion of this land, and after he had cut and removed considerable timber therefrom, Troxell instituted an action to recover the value of the timber thus removed, and in that action recovered judgment against Douglas for the $175.00, with interest and cost, upon which judgment an execution was issued, and the sheriff of McCreary county had levied the execution upon some of the property of Douglas and was about to sell it when Douglas instituted this action in equity against Troxell and Hamby, asking to have the deed from Hamby to Troxell reformed so as to exempt from its operation the timber upon a certain designated portion of the land conveyed by the deed, which Douglas asserted he had reserved when he sold the land to Troxell, but that the reservation had been omitted from the deed by fraud or mistake. He also sought to enjoin the collection of the $175.00 judgment rendered against him in the common law action by Troxell. In his answer to the suit at bar, Troxell, after denying Douglas' allegations that the timber was excepted from a portion of the land in the sale to him, pleaded the judgment in the former action as a bar to this action. After the issues had been completed and proof taken, upon final submission appellant's petition seeking a reformation of the deed from Hamby to Troxell and to enjoin the collection of the judgment Troxell had recovered against him was dismissed, and from that judgment this appeal is prosecuted.

The judgment does not disclose whether or not the chancellor in rendering it was controlled by the contention that the matters attempted to be litigated were *res judicata*, and that the former judgment was a complete bar to this action; but as this, in our judgment, is

true, we need not do more than consider appellee's plea in bar.

In the suit of Troxell against Douglas, in which he recovered the judgment for the $175.00 as damages for the timber removed by Douglas from his land, Douglas, among other defenses, made this plea:

"Comes the defendant, J. E. Douglas, and James Douglas and adopting all and singular all their denials and allegations in their original answer, and for amended answer says, that pursuant to the agreement herein and contract which was entered into by and between the defendant, J. E. Douglas, and the plaintiff, J. B. Troxell, in which a deed was to be made to the land described in the plaintiff's petition by W. R. Hamby and his wife to J. B. Troxell conveying to the said J. B. Troxell a certain tract of land. That it was the intention of the parties to said deed and contract hereinbefore mentioned to reserve or except to the vendor, J. E. Douglas, the timber on a certain portion of the land conveyed in said deed; that the defendant, J. E. Douglas, had no knowledge of this not being in the deed until after this suit was brought; that the description of that portion of the land on which said timber was reserved is more particularly described as follows: All below the road leading to the residence of J. B. Troxell and on the north side of said road contains about 75 acres, more or less.

"The defendant further states that said exception or reservation was not made in said deed, and that he is now entitled to have said reservation or exception made.

"Wherefore: defendant prays that the court adjudge that the defendant, J. E. Douglas, is entitled to have reserved in said deed the timber on the tract of ground hereinbefore described, and that the defendant, J. E. Douglas, and James Douglas be adjudged the owners of said timber. And finally they pray for their costs herein expended."

It will, therefore, be seen that appellant in the former action between the same parties set up as a defense the identical matters that he now attempts to assert as a cause of action, and for the purpose of defeating the judgment rendered against him upon the same issue in the former action. It certainly requires neither argument nor citation of authority to prove that

under such circumstances the first judgment is a bar to the present action, and that everything attempted in the latter suit is *res judicata*.

Counsel for appellant, in so far as we are able to understand his argument, seems to base his contention upon the fact that his pleading in the former action, wherein he set up as a defense thereto substantially the same allegations as are now contained in his petition in this action, was not styled a counterclaim and that he may now, under section 17 of the Civil Code, recover thereon; but there is clearly no merit in this contention as that section of the code only makes clear the right to recover on a claim which was not, though it might have been used as a defense by way of set-off or counterclaim in the former action.

The principal, if not the only, fact in issue in the former suit was whether the timber in question belonged to Douglas or to Troxell, and that question having been decided in that action in favor of Troxell, Douglas cannot, of course, have it relitigated in this action, which is not such an action as is provided by the code may be instituted under certain circumstances to have a prior judgment set aside or modified.

Wherefore the judgment is affirmed.