### HARDING–GILL CO. v. BORCHARDT.
### (No. 7601.)

(Court of Civil Appeals of Texas. San Antonio. June 9, 1926.)

1. **Vendor and purchaser** ⊕⟶317—On issue of damage for failure of vendor to furnish water as agreed, refusal to submit issue as to value of land with such water and assumption that it was price paid by purchaser held error.

On issue of damage for breach by vendor in failing to furnish water as agreed, where it was undisputed that land was worth certain sum without water, but evidence was conflicting as to value with water, refusal of court to submit such issue, and his assumption that amount paid by purchaser was reasonable market value, *held* erroneous.

2. **Trial** ⊕⟶260(1).

Refusal of charges *held* not error where otherwise covered.

3. **Vendor and purchaser** ⊕⟶315(1).

In action by vendor for part of purchase price, burden of proof to establish facts alleged in cross-action showing failure of consideration is upon defendant.

Appeal from District Court, Willacy County; A. M. Kent, Judge.

Suit by the Harding-Gill Company against R. M. Borchardt. From a judgment for defendant on the original cause and on his cross-action, plaintiff appeals. Reversed and remanded.

Davis E. Decker, of Raymondville, for appellant.

H. G. Hart and J. P. Cogdell, both of Raymondville, for appellee.

FLY, C. J. Appellant sought to recover the sum of $2,397.23 of appellee, the same being evidenced by two promissory notes, and to foreclose a vendor's lien on 40 acres of land, being all of lot 9 in section 3, of the Raymond-Hallam subdivision in Willacy county. Appellee pleaded failure of consideration in that appellant had, as an inducement to purchase the land, agreed to furnish artesian water sufficient for appellee's stock and his domestic uses, but failed and refused to furnish the same, and alleged that the land without the water was worth only $40 an acre, but with the water furnished was of the value of $100 an acre, the sum appellee agreed to pay for the same. He pleaded a cross-action of $2,400, being $60 an acre on the land, and asked that he recover the sum of $500 against appellant, being the difference between the amount of the notes and $2,400. The cause was submitted to a jury on special issues, and the court rendered judgment canceling the notes and lien, that appellant take nothing by its suit, and that appellee recover $500 from the partners.

Appellee bought the 40 acres of land from appellant on December 16, 1920, through a contract of sale in which, in addition to binding themselves to convey the land, it was agreed to convey "also a pro rata interest in an artesian well, windmill, tank and pipe line to furnish all water needed for stock and domestic use, according to the survey and recorded plat of the same." That provision was not carried into the deed to the land which was afterwards delivered to appellee. A well was dug which had an abundant supply of water. It was salt water. Appellee refused to accept the water on account of its salt taste. The water was not good for "stock and domestic use." The water was valueless for stock and domestic use. The land was shown by the uncontroverted evidence to be worth not more than $40 per acre without water, but there was testimony from which a jury might have found that the land with water was worth less than $100 an acre. Huff, a banker, swore that land like that owned by appellee with permanent water on it was worth "from $90 to $100" an acre. Another witness swore that a tract of cleared land in the same vicinity was sold for $80 an acre.

[1] In answer to a question presented by the court, the jury found the market value of the land to be $40 "without a pro rata interest in an artesian well, windmill, tank, and pipe line to furnish all water needs for stock and domestic use." There was no issue

(285 S.W.)

submitted as to the market value of the land with "a pro rata interest in an artesian well, windmill, tank, and pipe line to furnish all water needed for stock and domestic use." The court must have assumed that the amount paid for the land by appellee was the "reasonable market value" of the land with well, windmill, and pipe line. Appellant objected to the failure of the judge to present the issue as to the value of the land with water suitable for stock and domestic consumption and asked the presentation of issues as to the value of the land without water and with it. The issue as to the market value of the land with such water as was contemplated by the contract should have been presented in order that the jury might find from the evidence a fact needed to furnish the proper measure of damages. The second and third assignments of error are sustained.

The language of the contract as to the water was sufficient to indicate that it was the intention of the parties that appellant should furnish sufficient water of a nature fitted for consumption on the farm by man and beast, and an ocean of water that was unfit for use did not comply with that clause of the contract. Appellants bound themselves to furnish the water, and had that been done by a well in connection with a windmill or a pipe line the contract would have been met. The third and fourth assignments of error are overruled.

[2] It was not error for the court to refuse the third charge presented by appellants, because the court in effect covered the same ground when, in connection with the first issue, he instructed the jury that if a well was dug which would furnish all water needed for stock and domestic use it was not necessary for appellants to erect a windmill, pipe line, and tank. The fifth assignment of error is overruled.

[3] The burden of proof to establish the facts alleged in the cross-action rested upon appellee, and that burden should have been so placed by the court.

The judgment is reversed and cause remanded.