## Wegener v. Latonia Motor Car Company.

(Decided June 25, 1926.)

### Appeal from Kenton Circuit Court (Criminal, Common Law and Equity Division).

1. Judgment.—Questions of fact, at issue and determined by court of competent jurisdiction as grounds of recovery or defense, cannot be disputed in subsequent suit between same parties or their privies, though for different cause of action.

2. Judgment.—Judgment for defendant for rescission of contract for sale of automobile because of defective condition when delivered held bar to seller's subsequent action for damages to car, except such as occurred after trial of first action.

OMER C. STUBBS for appellant.

R. G. WILLIAMS and W. G. HARGIS for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

On September 15, 1921, the Latonia Motor Car Company sold an automobile to R. R. Wegener. Of the purchase price of $450.00, $50.00 was paid in cash, and a Ford car was taken in at a valuation of $150.00. For the

balance of $250.00 the purchaser executed ten notes of $25.00 each, payable monthly, one of which was paid.

On April 2, 1924, the Latonia Motor Car Company brought suit against Wegener to recover on the notes that were unpaid. Wegener filed an answer and counterclaim pleading in substance that at the time of the sale the automobile was unfit for service, but was fraudulently represented by plaintiff as being in first class condition; that as soon as he discovered its defective condition he returned same to plaintiff, who undertook to repair same, but delivered it back to him in the same defective condition; that he had offered to return the machine to plaintiff, but plaintiff had refused to accept same and he was then ready and willing to deliver the machine to plaintiff. The pleadings were completed by a reply. The jury found for Wegener, the sale was rescinded and judgment was rendered in his favor for $225.00, and the plaintiff directed to restore his notes. Some time later, on plaintiff's motion, an order was entered directing Wegener to restore the machine to plaintiff. This judgment was never set aside or appealed from, and is still in full force and effect.

On December 3, 1924, the Latonia Motor Car Company brought this action against Wegener to recover the sum of $450.00, with interest from September 15, 1921, until paid, and to restrain Wegener from collecting of plaintiff the judgment which he had obtained in the former action. It was alleged in the petition that Wegener purchased the car at that price; that he had not returned or offered to return the car until after suit had been filed against him; that he had used and controlled it from the date of the sale to the present time; that when the car was delivered to defendant it was in good mechanical condition, but was then worthless. It was further alleged that in the former suit the contract of sale was set aside and judgment rendered against plaintiff in the sum of $225.00; that defendant, who was insolvent, was then attempting to collect that sum by execution, which he would do unless restrained. Later the company filed an amended petition pleading that when the car was delivered to Wegener it was in good mechanical condition and worth $450.00, but was then worthless, that the change in its condition was caused by defendant, who drove the car at his pleasure and when and where he chose, that he drove the car without oil in the crank case, that he allowed it to be exposed to the weather and

permitted the radiator to freeze; that he allowed it to be torn down and remain so for a considerable length of time; that when the car was delivered to defendant it was a four year old car and was then seven and a half years old; that its sale value had diminished on account of depreciation and obsolescence occurring during the time defendant had had possession of said car. Defendant's motion to require plaintiff to make its petition more specific was overruled. Defendant then filed an answer admitting and denying in the first paragraph certain allegations of the petition, and pleading in the second paragraph the former judgment in bar of plaintiff's right to recover. To the plea of res judicata a demurrer was sustained. Evidence was heard on the market value of the machine at the time of its sale and its market value thereafter, and the jury found for the motor car company in the sum of $300.00. By a subsequent order this judgment was offset against the judgment theretofore rendered in favor of Wegener. Wegener has prayed an appeal.

It is settled by a long line of decisions that a right, question or fact distinctly put in issue and directly determined by a court of competent jurisdiction as ground of recovery or defense can not be disputed in a subsequent suit between the same parties or their privies, even if the second suit is for a different cause of action. Southern Pacific R. Co. v. United States, 168 U. S. 1, 18 S. Ct. 18, 42 U. S. (L. Ed.) 355, 15 R. C. L. 974, and cases cited. In the former suit Wegener pleaded that the motor car company fraudulently represented that the machine at the time of its delivery was in first class condition when, as a matter of fact, it was unfit for service. At the time of the trial the machine was practically worthless, and of necessity the issue before the jury was whether it was unfit for service when delivered, or was thereafter used in such a way by Wegener as to render it unfit for service. In this action the petition alleged that the machine was in good mechanical condition when delivered and worth $450.00; that it was then worthless, and that the change in its condition was caused by Wegener. Plaintiff's evidence was directed to the establishment of these facts, and Wegener undertook to show the contrary. Therefore the case is one where the motor car company bases its recovery on the existence of facts that were litigated in the former suit and found by the jury not to exist. We are, therefore, of the opinion that the former

judgment is a bar to any recovery for any change in the condition of the machine up to the time of the trial, and that the motor car company is not entitled to recover except for such damage as may thereafter have been done to the machine. It follows that the demurrer to the plea of *res judicata* should have been overruled. Having this view of the case it is unnecessary to consider the other questions raised.

Wherefore, the appeal is granted, and the judgment reversed and cause remanded for proceedings consistent with this opinion.