## Moore v. Gas and Electric Shop.

(Decided November 12, 1926.)

### Appeal from Jefferson Circuit Court (Common Pleas, First Division).

1. Judgment.—That form of action is changed, or that character and amount of damages are different, does not alter rule that question once litigated and finally determined cannot be relitigated by same parties or their privies.

2. Judgment—Statute Relating to Power of Equity Over Ordinary Judgments Does Not Authorize Independent Action on Grounds that were relied on as defense in previous action (Civil Code of Practice, Section 17.).—Civil Code of Practice, section 17, relating to power of equity over ordinary judgments, does not authorize independent action on grounds that were relied on as defense in

previous action, but merely permits election to set matter up as defense or sue in independent action.

3. Judgment—Counterclaim to Action for Purchase Price of Clothes Dryer Held Substantially Same as Matter Alleged in Later Suit for Injuries from Explosion of Dryer, and Therefore Issue was Res Judicata, and Suit Could Not Be Maintained.—One conducting dry cleaning establishment purchased clothes dryer for clothes cleaned by gasolnie, and paid down payment; later the dryer exploded, and, in suit on balance of purchase price, buyer set up counterclaim asking for return of money paid down; in subsequent suit for injuries from explosion, held, matter in counterclaim was substantially same as that alleged in complaint for injuries, and was therefore res judicata, and suit could not be maintained.

MORTON K. YONTS and D. MOXLEY for appellant.

J. VERSER CONNER and BOOTH & CONNER for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

Appellant conducted a dry cleaning establishment in Louisville and on October 10, 1920, purchased from appellee a Canton clothes dryer, a machine to be used for the purpose of drying clothing that had been cleaned by the use of gasoline. The appellant agreed to pay $192.50 for the machine, of which sum he paid $25.00 when the machine was delivered, leaving an unpaid balance of $167.50. A short time after the dryer was purchased and while appellant was attempting to operate it an explosion occurred, as a result of which appellant claims to have been seriously injured. The appellee instituted suit against appellant in the Jefferson quarterly court to recover $167.50, the amount of the purchase price unpaid. Appellant filed an answer and counterclaim in which he denied that he was indebted to the plaintiff in that action in any sum and alleged "that the plaintiff, Gas & Electric Shop, by and through its servant and agent, represented to him, and warranted said Canton clothes dryer to be in good, serviceable and merchantable condition and working order; that said defendant, relying on said representations made by said plaintiff, Gas & Electric Shop, through its agent and servant, acting within the scope of his employment and agency, did purchase said dryer referred to herein; that said statements and representations were false; that by reason of the aforesaid false statements and representations, said defendant advanced to said plaintiff $25.00, which said sum the defendant now claims should be

returned to him." Appellee filed a reply in which the affirmative matter in the answer and counterclaim was traversed and the case was tried before the judge of the quarterly court, who rendered judgment in favor of the plaintiff in the action for the full amount claimed. In the meantime appellant had instituted suit against appellee in the circuit court, seeking to recover $25,000.00 in damages for personal injuries alleged to have been suffered by him when the explosion occurred. In his petition filed in the circuit court he alleged "that the defendant company, its agents and servants represented to him that the said dryer, which was to be operated and heated by gas, was a reasonably safe, suitable and proper contrivance or machine for the purpose of drying clothing which had been cleaned by the use of gasoline, and the plaintiff, believing and relying upon the belief induced by the statements and representations of the defendant company, its agents and servants as aforesaid, did purchase and install in his place of business the said dryer, and plaintiff further states that the defendant company, its agents and servants as aforesaid, by and through their gross negligence furnished to him a machine or contrivance which was unsafe, unsuitable and improper for the purpose of drying clothing which had been cleaned by gasoline in this, that the lighted gas from the fire box of said machine could and would come in contact with the vapors or fumes coming from the clothing which has been cleaned by gasoline."

After the judgment referred to had been entered in the Jefferson quarterly court and after the deposition of appellant had been taken as on cross-examination, the appellee filed an amended answer in the action pending in the circuit court setting out in full the proceedings in the quarterly court and pleading a former adjudication. A demurrer to this amended answer was overruled and the appellant tendered a reply in which he attempted to distinguish the matters relied on as a defense in the former case from those relied on as a cause of action in the instant case. The court declined to allow the reply to be filed and dismissed plaintiff's petition and he appeals.

The sole question to be determined by this court is whether appellee's amended answer constituted a good plea of *res judicata.*

"The foundation principle upon which the doctrine of *res judicata* rests is that parties ought not

to be permitted to litigate the same issue more than once; that, when a right or fact has been judicially tried and determined by a court of competent jurisdiction, or an opportunity for such trial has been given, the judgment of the court, so long as it remains unreversed, should be conclusive upon the parties, and those in privity with them in law or estate. It is considered that a judgment presents evidence of the facts of so high a nature that nothing which could be proved by evidence *aliunde* would be sufficient to overcome it; and therefore it would be useless for a party against whom it can be properly applied to adduce any such evidence, and accordingly he is estopped or precluded by law from doing so.'' (15 R. C. L., page 953.)

Some of the recent cases from this court in which the doctrine of *res judicata* has been applied are Carroll v. Fullerton, 215 Ky. 558, 286 S. W. 847; Hopkins v. Jones, 193 Ky. 281, 235 S. W. 754; Ewald's Executor and Trustee v. City of Louisville, 192 Ky. 279, 232 S. W. 388; Douglas v. Troxell, 181 Ky. 623, 205 S. W. 683.

Appellant insists that the matter set up in his counterclaim in the former suit is not the same matter that is set up as a cause of action in his petition in this action. These pleadings are not susceptible of such an interpretation. In his counterclaim the appellant alleged that appellee represented and warranted the dryer to be in good, serviceable and merchantable condition and working order; that he relied on these representations which were false, and that he had been damaged in the sum of $25.00 which he had advanced as a part of the purchase price. In his petition in this action appellant alleged that appellee represented the dryer to be a reasonably safe, suitable and proper contrivance or machine for the purpose of drying clothing which had been cleaned by the use of gasoline; that he relied on the representation, which was false, and when he attempted to use the machine for the purpose of drying clothes cleaned with gasoline it exploded and injured him. The matter set out in the answer and counterclaim as a defense to the suit to recover the unpaid purchase price and as a ground for recovery of what had been paid and the matter set out in the petition as a cause of action for injuries alleged to have been sustained are essentially the same notwithstanding the slight verbal changes,

and the same proof would necessarily be required to
sustain the respective allegations except as to the nature
and extent of the damages. Nor will the fact that the
character and amount of the damages alleged are differ-
ent nor that the form of the action is changed after the
rule that a question which has been once litigated and
finally determined by a court of competent jurisdiction
cannot be relitigated by the same parties or their privies.
Carroll v. Fullerton and Ewald's Executor and Trustee
v. City of Louisville, *supra;* Stone v. Winn, 165 Ky. 9,
176 S. W. 933; Roberts v. Moss, 127 Ky. 657, 106 S. W.
297; Hardwicke v. Young, 110 Ky. 508, 62 S. W. 10;
Pilcher v. Ligon, 91 Ky. 228, 11 S. W. 513; Cole's Admrx.
v. Illinois Central Railway, 120 Ky. 686. The rule is
thus stated in 15 R. C. 974:

> "On the other hand it is equally well settled
> that a fact which has been directly tried and de-
> cided by a court of competent jurisdiction cannot
> be contested again between the same parties in the
> same or any other court, and that where some con-
> trolling fact or question material to the determina-
> tion of both actions has been determined in a former
> suit, and the same fact or question is again at issue
> between the same parties, its adjudication in the first
> will, if properly presented, be conclusive of the same
> question in the latter suit, without regard to whether
> the cause of action is the same or not, or whether the
> second suit involves the same or a different subject
> matter, or whether or not it is in the same form of
> proceeding. In such cases it is also immaterial that
> the two actions were based on different grounds, or
> tried on different theories, or are instituted for dif-
> ferent purposes, and seek different relief. A matter,
> whether consisting of one or many questions, which
> has been solemnly adjudicated by a court of compe-
> tent jurisdiction, must, in any subsequent litigation
> between the same parties, where the same question
> or questions arise, be deemed to have been finally
> and conclusively settled, except where the litigation
> is a direct proceeding for the purpose of reversing
> or setting aside such adjudication."

Appellant cites section 17 of the Civil Code as author-
ity for prosecuting an independent action on grounds
that might have been pleaded as a defense in the original

action.   Section 17 of the Code is in part as follows "But such judgment does not prevent the recovery of any claim which was not, though it might have been, used as a defense by way of set-off or counterclaim in the action." The appellant, under this provision of the Code, might have elected in the first action to submit to a judgment for the price and then maintain his separate action for damages. Jefferson, etc. v. Western National Bank, 144 Ky. 62, 138 S. W. 308.  Appellant, however, elected to defend the action in the Jefferson quarterly court and alleged by way of defense substantially the same grounds as are relied on as a cause of action in this case.   We are of the opinion that the first judgment determined the actual question at issue between the parties and that the trial court did not err in overruling the demurrer to the amended answer in which the former adjudication was pleaded.

Judgment affirmed.