## Brooks v. Lower Elkhorn Coal Corporation.

(Decided March 18, 1927.)

### Appeal from Pike Circuit Court.

1. Pleadings.—Allegation in answer which is not denied by plaintiff must be taken as true on appeal.

2. Mines and Minerals.—Grantee under deed from grantor, owning only the right to mine coal and to erect and maintain buildings incident thereto, held to take with notice of grantor's rights under leases properly of record in county clerk's office and to have no title in property, where grantor had long since ceased to mine coal from such tract.

3. Judgment.—Grantee of 9-acre tract held estopped by former judgment against grantor adjudicating title to adjoining tract covered by same lease under which grantor held 9-acre tract and holding that grantor held lease in trust for another, and grantee, being in privity with grantor, is necessarily bound by that judgment establishing title in another.

PICKLESIMER & STEELE for appellant.

STRATTON & STEPHENSON for appellees.

OPINION OF THE COURT BY JUDGE DIETZMAN—Affirming.

Appellant, plaintiff below, brought this suit to enjoin the sheriff of Pike county, one of the appellees herein, from executing a writ of possession ousting her from the premises described in her petition and from placing his co-appellee, the Lower Elkhorn Coal Company, in possession thereof. Her petition being dismissed she has appealed.

From the pleadings and the scant proof taken herein, it appears that on February 18, 1915, Al Swinney and his wife executed to W. O. & H. V. Brothers a coal mining lease on 9 acres, more or less, of certain lands lying on the head of Lower Branch, Pike county, Ky. It is these

lands which appellant claims. In this same lease, the lessees were given a right of way over a 60-acre tract adjoining the 9-acre tract for haulage purposes from the 9-acre tract. The two Brothers later organized the Kentucky Block Fuel Company and assigned this lease to it. This fuel company in turn executed an assignment of this lease to D. D. Cox, the validity of which assignment is asserted by appellant and denied by appellee. For the purposes of this opinion, we shall assume its validity as contended by appellant. It is alleged in the answer of the appellee coal company that after the assignment of this lease to Cox, he organized the Superior Coal Company and took possession of the leasehold in the name of the Superior Coal Company. This allegation is not denied by appellant, and so must be taken as true. In later litigation between the appellee coal company and Cox, it was held that Cox, under these circumstances, held the leasehold as trustee for the Superior Coal Company and had no beneficial interest in it.

On October 19, 1915, Al Swinney and his wife executed to the Superior Coal Company a lease, similar to the former lease they had made the two Brothers and covering the same property. On April 13, 1918, Al Swinney and his wife conveyed in fee to the Superior Coal Company *inter alia* the land comprised in the leases to which we have referred. By mesne conveyances, the title thus conveyed to the Superior Coal Company has come into the ownership of the appellee coal company.

On April 1, 1921, there was entered a judgment, hereinbefore referred to, in the case of the Lower Elkhorn Coal Company, one of the present appellees, against D. D. Cox, quieting its title to the 60-acre tract of land mentioned above, and adjudging that Cox held the leasehold, assigned to him by the Fuel Company, in trust for the Superior Coal Company, and that by the execution by the Swinneys of the deed conveying the fee to the Superior Coal Company, the leasehold merged in the fee conveyed and the Superior Coal Company thereby became the absolute owner of the premises in question and that the Lower Elkhorn Coal Company had succeeded to such ownership. The appellant, in her deposition, admitted that she heard of this litigation during its pendency.

On March 30, 1922, Cox and wife conveyed in fee the 9 acres above mentioned to the appellant. She is the wife of W. T. Brooks, who, about 1916, came to Pike

county as the general manager of the Superior Coal Company, Cox being at that time its president. Later Brooks and others bought up all the stock of the Superior Coal Company and ran it for a while and until it went into bankruptcy. The appellant claims that after she came with her husband to Pike county in 1916 she soon became very much dissatisfied with living in the remote regions of this coal property, and that, to make her more satisfied, Cox promised to deed her the 9 acres in question if she would stay; that relying on this promise, she sold some property she owned in West Virginia and gave the proceeds to her husband. The record is perfectly clear that he used this money in paying the pay rolls of the Superior Coal Company, and it is equally clear that the house in which appellant is now living and which she claims in her petition is located on the 9 acres, but which appellee in its answer says is on the 60-acre tract, was built by the Superior Coal Company with its funds and with its labor. Appellant and her husband have lived in this house since its erection in 1917, looking, as she says, to Cox for a deed, and which he finally gave her in 1922 as above stated. After the bankruptcy of the Superior Coal Company, and after the appellee coal company became vested with the title of the Superior Coal Company to the 9 and 60 acre tracts, the appellee coal company instituted forcible detainer proceedings against the appellant's husband, seeking possession of the house occupied by them. The appellee coal company was successful in this litigation, in which an appeal from the judgment of the trial court was dismissed by this court because appellant's husband failed to perfect such appeal within the time allowed by law. On the dismissal of that appeal by this court, the appellee coal company had a writ of possession issued for the premises in question, and it is this writ the execution of which the appellant seeks to enjoin.

The parties hereto seem to be at odds as to where the house occupied by appellant and her husband is located. The answer says that it is on the 60-acre tract. The petition seeks relief only as to the 9-acre tract. But, for the purposes of this opinion, it is immaterial where it is located, for appellant must lose whether she is seeking to establish her title to the 9 or 60 acre tract.

In the first place, appellant shows no title to the property in question. She claims what title she has under her deed from Cox. But Cox never owned the fee to any of the land in question. At the best, all he ever

owned was a leasehold on the premises, the Swinneys, under whom he claimed, owning the fee subject to such lease. As to the 60-acre tract, all Cox had was a haulage right. As to the 9-acre tract, all he had was the right to mine the coal and to erect and maintain such buildings as were incident to the mining of the coal. Appellant took with notice of Cox's rights, whatever they were, for the leases were of record in the county clerk's office. Hence she knew that Cox had no right to erect any buildings on the 60-acre tract and had only the right to erect and maintain on the 9-acre tract such buildings as were incident to the mining of the coal by him or those who claimed under him. Cox has long since ceased to mine the coal from this 9-acre tract. Appellant is not doing so either. Swinney in his lease to Cox reserved the surface of this 9-acre tract except in so far as Cox or his assignees in mining the coal might need the same for the erection and maintenance of miners' houses and the like. Appellee coal company has succeeded to Swinneys' title to the fee, and so, conceding all appellant claims as to Cox's rights, since the surface is not now used by Cox or appellant as an incident to the mining of coal from the land, the appellee coal company's right is superior to that of appellant.

Secondly, as appellant claims under Cox, she is estopped by the judgment of 1921. In Shanahan v. McIntire, 169 Ky. 160, 183 S. W. 529, we held that if a claimant to the title to land can claim no better title to the land than that of his grantor, and if in previous litigation between the claimant's present adversary and the claimant's grantor it was adjudged that as between such adversary and such grantor the title to the land was in the adversary and not in the grantor, such judgment would be a bar to any recovery of the land by the claimant from such adversary. In this case it was adjudged by the judgment of 1921 that, as between Cox and the Lower Elkhorn Coal Company, the title to the 60-acre tract was in the Lower Elkhorn Coal Company and not in Cox. The court based that conclusion on its judgment that Cox held the Brothers lease in trust for the Superior Coal Company and that this leasehold had merged in the fee when the Superior Coal Company took the conveyance in fee from the Swinneys. No distinction so far as this fundamental question is concerned can be drawn between the 9-acre tract and the 60-acre tract. In Moore v. Gas & Electric Shop, 216 Ky. 530, 287 S. W. 979,

we laid down the rule that when a right or fact has been judicially tried and determined by a court of competent jurisdiction, the judgment of the court so long as it remains unreversed is conclusive upon the parties and those in privity with them in law or estate, and that where some controlling fact or question material to the determination of an action has been determined in a former suit and the same fact or question is again at issue between the same parties, its adjudication in the first will, if properly presented, be conclusive of the same question in the latter suit without regard to whether the cause of action is the same or not, or whether the second suit involves the same or a different subject-matter. Since Cox held the Brothers lease in trust for the Superior Coal Company, as the judgment of 1921 so held, and since the Brothers lease covered both the 9-acre and the 60-acre tracts, it necessarily follows that Cox held the 9-acre tract in trust as well as the 60-acre tract, and that the subsequent conveyance by Swinney of the 9 and 60 acre tracts by the same instrument of conveyance necessarily merged the fee in the 9-acre tract, as the court held it merged the fee in the 60-acre tract. Hence, as between Cox and the Elkhorn Coal Company, Cox has no more title to the 9-acre tract than he had to the 60-acre tract, the title to both being in the appellee coal company, and the appellant, being in privity with Cox, is necessarily bound by that judgment. Since appellant showed no title to the land, the court did not err in dismissing her suit to enjoin the execution of the writ of possession. Appellant presented no claim, if she had the right, a point we need not decide, for reimbursement for what improvements she put upon this land, and so, though this question is urged in her brief, we cannot consider it.

Judgment affirmed.