## Hansford v. Commercial Credit Co.

(Decided Dec. 2, 1932.)

N. R. PATTERSON for appellant.

JAMES H. JEFFRIES and J. GREGORY BRUCE for appellee.

OPINION OF THE COURT BY JUDGE PERRY—Reversing.

This is an appeal from a judgment of the Harlan circuit court recovered by the Commercial Credit Company, appellee, against W. S. Hansford, appellant, for

the sum of $505, balance due on the note sued on. Judgment was rendered after the court sustained appellee's demurrers to the answer and amended answer of appellant and his declining to plead further.

There is no conflict in the evidence as to the facts in proof as shown by the record, which are these: In October, 1929, the appellant, W. S. Hansford, purchased from J. W. Foley, an automobile dealer doing business under the name of the Foley Motor Company at Pineville, Ky., a Plymouth automobile for a total purchase price, including financing charges, of $881. Of this amount he paid $275 in cash, and for the remainder executed his note in the sum of $606, payable in twelve monthly and consecutive installments of $50.50 each. He further, to secure the payment of these deferred installments, at such time executed and delivered a mortgage upon the purchased car to the Foley Motor Company. Immediately thereupon, the Foley Motor Company sold and indorsed over without recourse the said note, together with the mortgage securing its payment, to the appellee Commercial Credit Company.

The mortgage contained certain precipitating clauses, among which was the one involved in this controversy, whereby it was covenanted that the appellant, the purchaser of the car, should not use the car, or permit the use of it, for the illegal transportation of liquor, etc., and further that, should it be so used for such or other unlawful purpose, it should be considered as a default under the mortgage, entitling the holder of the note to immediate and continued possession, by replevin or otherwise, of the car.

It further appears that the appellant paid according to the terms of his contract of purchase the November and December installments upon the car, thus discharging his obligation thereunder until January 19 following, when the third monthly payment would fall due.

It further appears that on December 22, 1929, Walter Hansford, son of the appellant, was arrested, while using this car, by federal prohibition agents, and charged with the illegal transportation of liquor therein. They also took over the possession of the car.

Later, upon Walter Hansford being called for trial

upon this charge, he entered a plea of guilty thereto.

The proof further shows that, after the car in question was taken over by the prohibition agents, they, upon being informed by the Foley Motor Company of its purchase-money mortgage lien held against it, turned it over to the Foley Motor Company, mortgagee, from whom its possession was at once claimed and taken by the appellee Commercial Credit Company, its assignee of the note and mortgage.

The appellant, upon thus being deprived of the use of his purchased car and its use, at once instituted action against the Foley Motor Company and the Commercial Credit Company in the Bell circuit court, alleging in his petition that the defendants had wrongfully taken and converted the said automobile to their own use, thereby totally depriving him of its use, even though the same then rightfully belonged to the plaintiff by reason of his prior contract of purchase thereof with the defendant Foley Motor Company, and that the defendants had kept possession of the converted car, with the result that he did not know where it was. He further alleged in his petition that he desired to waive suing the defendants for damages for such tortious conversion of his car and elected to sue for the recovery of the money paid by him to the Foley Motor Company on its purchase price, which he alleged amounted to the sum of $401.

Defendants each filed their separate answer consisting of two paragraphs, by the first of which they denied the allegations of the petition, and by the second affirmatively relied on and pleaded, in defense to plaintiff's alleged right of recovery of the amounts paid them on the car's purchase price, the terms of the contract of purchase made between plaintiff and defendant J. W. Foley and also the stipulation of the mortgage described supra, that, in the event of the plaintiff's use or permitted use of the car sold him for the illegal transportation of liquor, etc., such would constitute a default in the mortgage by him, thereupon entitling the mortgagee to at once take and retain possession of the car, and, without appraisement thereof, to sell and dispose of the same for the satisfaction of any then unpaid monthly installments owing upon his purchase note of $606; that the defendants had taken over the car in the exercise of their right and authority

given them under such provision of the mortgage contract; and, further, that while so acting the Commercial Credit Company, as alleged by it, as the owner and holder of said note and mortgage, had both recovered and sold this car so taken to the defendant Foley Motor Company for the sum of $505, representing the balance then owing it by the plaintiff as deferred installments upon his note.

The cause coming on for trial, the plaintiff recovered judgment against them for the sum of $300 of the amount alleged paid on the car.

Complaining of this judgment, defendants moved for an appeal, which it appears they have failed to ever further prosecute.

Thereafter the Commercial Credit Company filed its independent action against W. S. Hansford in the Harlan circuit court, seeking to recover against him payment of $505, the balance alleged owing by him upon his $606 note previously executed by him to the Foley Motor Company for the deferred payment upon the car.

To the petition filed against him in this action brought in the Harlan circuit court, W. S. Hansford filed answer thereto, pleading as res adjudicata of plaintiff's claim upon the note that he had on March 21, 1930, instituted a common-law action, No. 17057, in the Bell circuit court, against the plaintiff here, the Commercial Credit Company, and the Foley Motor Company, wherein he had sought to recover against them "the sum of $401, the value of the automobile mentioned in the petition, and for the purchase price of which he executed his promissory note ($606), and that theretofore, as shown in said petition in the Bell Circuit Court, the Commercial Credit Company, now plaintiff in this action, and the Foley Motor Company had confiscated the automobile for which he executed the writing set up herein, and which was the consideration for said writing"; that in said Bell circuit court action, the plaintiff Commercial Credit Company and the Foley Motor Company, defendants therein, set up by separate answers the same contract that the plaintiff Commercial Credit Company has sued on herein, which was "litigated out in the Bell circuit court to final trial and judgment," whereby this defendant recovered against this plaintiff the sum of $300, which judgment therefor

is now in full force and effect. Further, defendant, Hansford, pleads that the plaintiff in the instant case is, by this later separate and independent action, undertaking to litigate again the contract set up and sued on in this petition, which was pleaded in defense of this defendant's suit in the Bell circuit court and therein fully adjudicated.

Appellant further by his answer herein pleads that his contract of purchase of this car had with the Foley Motor Company, and pleaded by the Commercial Credit Company and the Foley Motor Company as defendants in his suit in the Bell circuit court against them and by way of justification and defense thereto, is the only transaction ever had by the defendant with the plaintiff Commercial Credit Company, or the Foley Motor Company, and that the rights of the parties thereto and growing out of said transaction were fully litigated, tried out, and adjudged, or could have been, in said suit; wherefore the same is now res adjudicata of the present action and the plaintiff barred thereby from prosecuting this action against this defendant.

Demurrer was filed to this answer and sustained, whereupon defendant filed amended answer, adopting the allegations of his original answer and further pleading "that his said prior suit in the Bell circuit court was filed for the purpose of recovering the amount which he had paid to the plaintiff for the automobile mentioned in the pleadings," and that the plaintiff, by taking said automobile away from him wrongfully, as determined by the judgment of the Bell circuit court, had abrogated his contract and terminated the same, and that by said action said contract was canceled and this defendant thereupon entitled to recover the money paid upon the purchase price of said automobile, if he so elected to treat the action of the plaintiff Commercial Credit Company as a cancellation of said contract, and further prayed that the cause be transferred to equity and that the contract and note sued on be ordered canceled.

The demurrer was by agreement extended to appellant's answer as thus amended, and again was it sustained, whereupon, the defendant declining to plead further, judgment was entered in favor of the plaintiff

upon the purchase-money note sued on for the sum of $505, interest and costs.

The defendant, complaining of this judgment, prosecutes his appeal, urging that the court erred in sustaining appellee's demurrers to his answer and amended answer.

The only question presented upon this appeal, therefore, is: Were the matters pleaded in the answers sufficient to constitute or support a defense to plaintiff's petition?

Appellant contends they were; that his answers, pleading and relying upon the matters set out and alleged in his suit filed in the Bell circuit court against the appellee credit company and the Foley Motor Company, charged that they had, without right and without his having then committed any breach of, or failed to perform, the covenants and conditions of his purchase contract of the car, none the less chosen to disregard and abrogate it by taking his car bought of them away from him and selling and disposing of it; that they, by so doing, gave him the right to treat such breach of the sale contract as an abandonment of it by them and authorized him, if he so elected, to disaffirm it; that their action in thus wrongfully taking, converting, and selling his car, when it was rightfully then held and possessed by him under his contract, fairly authorized the appellant to regard them as thereby evidencing their consent to a rescission of the contract in case the appellant should elect to so treat it; and that the appellant, as alleged in his suit filed in the Bell circuit court, did so elect to treat the contract of purchase as rescinded, and, waiving his claim for damages for the tortious taking of his car, to thereupon sue for the recovery of the purchase money paid by him thereon.

The appellee, it is true, in the Bell circuit court, by its answer, denied that it had abrogated its contract of purchase of the car had with the defendant, by wrongfully recovering and taking possession of it from him, and, to the end of proving its contention, relied upon and set out the terms of its mortgage contract had with appellant, to the effect that the right was given it thereunder to take and sell the car in the event appellant should use or permit it to be used in the illegal transportation of liquor, etc., and that it had only taken the

car in the exercise of this right thus given it after the defendant had defaulted or broken the terms of the mortgage contract through permitting the car to be used illegally.

This plea thus made in the Bell circuit court action might have served it as a defense for having taken from appellant his car, had the proof substantiated or supported its claim that it was the defendant, appellant here, who had then first breached the contract, rather than they themselves, through their own prior action in wrongfully taking from him his car without his having then breached the contract, as alleged, through using the car for the illegal transportation of liquor, etc.

However, inasmuch as such pleaded defense failed it in the Bell circuit court action, it being found by the jury, and so adjudged, that the appellant had not been guilty of making the alleged unlawful use of the car, it follows that these defendant companies therein themselves were the parties to the contract who had broken it, and therefore appellant was entitled to treat the contract as rescinded by them and to recover of them the amount of his payments made them upon the car.

Entertaining this opinion that such was the result and effect of the judgment rendered in appellant's Bell circuit court action in determining the rights of the parties thereto, which are the same as here, under and growing out of this car purchase contract, and that they were therein, upon the pleadings and evidence of the parties, fully litigated, their car purchase contract rescinded and the parties restored to their prior status quo, it follows the judgment in that suit becomes res adjudicata of appellee's claim here presented and sued upon in this action, and as such is a bar to its recovery thereon.

Appellee here seeks to recover upon Hansford's note assigned it, and admitted to have been executed by him for the deferred installment payments upon the car in question; however, by the terms of appellee's separate answer, filed to appellant's suit in the Bell circuit court, it pleaded that it had taken over the possession of appellant's car under and pursuant to the defaulted mortgage contract had with him, and, pursuant to the right thereby given it, had sold this car for the amount owing it for the balance of $505 as re-

maining unpaid monthly installments represented by this $606 note, given by appellant for this car and upon which same note it is now, in the present action, again suing to recover of the appellant.

The appellee insists, however, while thus pleading its application of the car sale proceeds to the satis- faction of this note, or, that is, its prior payment with the sale proceeds of the car, that such plea of the note's. payment does not bar its present right of action thereon. in this suit, for the reason that the note upon which it now sues, even though there so pleaded was not there- in pleaded by way of set-off or counterclaim to appel- lant's former suit against it in the Bell circuit court, and, by counsel in its brief, it therefore contends both that, under section 96, paragraphs 1 and 2 of the Civil Code, no counterclaim or set-off based upon the note could have been pleaded by appellee in that action, even had appellee there had the right and been willing to so plead this note and that it was not bound to so plead it under the provisions of section 17 of the Civil. Code of Practice, upon which it relies for its right to here maintain this, its separate action thereon, inde- pendently of the question of its available use by way of counterclaim or set-off in making its defense to such. previous action. In support of this contention, it re- lies upon this court's decision in Jefferson, Noyes & Brown v. Western National Bank, 144 Ky. 62, 138 S. W. 308. There the court, in considering the construction of this section of the Code, said:

"It is a general rule that not only all questions. actually raised by the allegations of the petition, but all questions which might have been raised in that suit by any of the defendants in opposition to the relief prayed for by the appellant, are con- cluded by the judgment rendered therein. New- man's Pl. & Pr. (2d Ed.) sec. 508c.

"A decision of the question requires a consid- eration of section 17 of the Code, which reads as follows: 'A judgment obtained in an ordinary action shall not be annulled or modified by any order in an equitable action, except for a defense. which arises, or is discovered after the rendition of the judgment. But such judgment does not. prevent the recovery of any claim which was not,

though it might have been, used as a defense by way of set-off or counterclaim in the action.' * * *

"It is well settled that a judgment of a court having jurisdiction of the subject-matter and of the parties is, as a general rule, final and conclusive, not only as to the matters actually litigated and decided therein, but also as to all matters necessarily involved in the litigation, and which have been litigated therein.

"And, whenever recoupment is sought, the' party entitled to it may interpose it either as a defense, or he may bring a new 'or cross action, and generally it is optional with him which course he will adopt.

"A defense must be presented, or it is lost; a counterclaim may be withheld for a separate action."

Appellee in its brief here claims that no counterclaim or set-off of its note sued on should have been pleaded to appellant's suit against it in the Bell circuit court, but that the contract, of which it was a part and under which it justified its taking of appellant's car, was therein pleaded only by way of defense.

The court, continuing in its opinion in the Jefferson Case, supra, said:

"While the rule above announced bars all matters of mere defense from being made the basis of a second action, it does not so bar matters which constitute a counterclaim, which are expressly saved for further action by the provisions of section 17 of the Code above quoted. The difference between a defense and a counterclaim must therefore be kept in view, and carefully distinguished. A matter of defense must be relied upon, while a counterclaim may be relied upon in the first action, although it is not necessary to be so relied upon in the first action in order to save it; it may be reserved for a future and independent action."

Again, and to like effect, was this Code section construed and applied by this court in the case of Moore v. Gas & Electric Shop, 216 Ky. 530, 287 S. W. 979, 980, as follows:

"The appellant, under this provision of the Code, might have elected in the first action to submit to a judgment for the price and then maintain his separate action for damages. Jefferson, etc., v. Western National Bank, 144 Ky. 62, 138 S. W. 308. Appellant, however, elected to defend the action in the Jefferson quarterly court and alleged by way of defense substantially the same grounds as are relied on as a cause of action in this case. We are of the opinion that the first judgment determined the actual question at issue between the parties, and that the trial court did not err in overruling the demurrer to the amended answer in which the former adjudication was pleaded."

So the question here presented, in the light of the principle announced by these cases is, Did the appellee rely upon, by way of defense to the appellant's cause of action asserted in the Bell circuit court, and there elect to plead, substantially the same grounds therefor under the provision of the car sale contract and mortgage as are here relied upon under them as a cause of action in this case?

However, we do not consider it necessary to here further consider or to decide this question of procedure, in view of the conclusion we have reached that the appellant's action in the Bell circuit court was one for the rescission of the contract had with appellee for the purchase of the car and for the recovery of the money paid by him on the car, upon the grounds that it had been rescinded by appellee and that the judgment of the court in so adjudging had settled and determined the rights of the parties under said contract and became res judicata thereof, and thus barred the right of the appellee credit company to later institute this further independent action by it filed in the instant case to recover a balance of $505 alleged owing upon this $606 note here sued on which grew out of the same contract, and was, as a part of it, given for part payment of the consideration to be paid for the car under this contract adjudged by the Bell circuit court rescinded and the parties thereto restored in statu quo.

The mere fact that a party is unfortunate in losing a right, because of the doctrine of res adjudicata, does not authorize us to relieve him from the judgment.

Ewald's Exr., etc., v. City of Lousiville, 192 Ky. 279, 232 S. W. 388; Wegner v. Latonia Motor Car Co. 215 Ky. 376; Carroll v. Fullerton, 215 Ky. 558; Thornbury v. Virginia Iron, Coal & Coke Co., 216 Ky. 434, 285 S. W. 698; Moore et al v. Shifflett, 208 Ky. 461; Parker v. White et al, 223 Ky. 561, 45 S. W. (2d) 380.

Such being our conclusion herein formed after a careful consideration of the record, we are of the opinion that the demurrer to appellant's answer and amended answers, presenting the plea of res adjudicata, should have been overruled. It therefore follows that the trial court erred in otherwise ruling—in sustaining appellee's said demurrers—for which error its judgment is reversed and cause remanded for further proceedings consistent with this opinion.