Michael P. KIRCHNER, Movant,

v.

John RIHERD, Respondent.

Supreme Court of Kentucky.

Nov. 21, 1985.

Rehearing Denied Feb. 6, 1986.

E. Patrick Moores, Fowler, Measle & Bell, Lexington, for movant.

Charles A. Taylor, Taylor, Elam & McConnell, Lexington, for respondent.

STEPHENSON, Justice:

The trial court dismissed Riherd's complaint seeking damages for personal injuries. The trial court relied upon the rule of law that causes of action shall not be split. The Court of Appeals reversed the trial court on the theory there was no splitting of a cause of action. We granted discretionary review and reverse.

Riherd sued Kirchner in circuit court for personal injuries suffered in an automobile accident. Kirchner filed a motion to dismiss, pleading res judicata as a result of Riherd's splitting his cause of action and later filed motion for summary judgment. Kirchner stated as grounds for dismissal that Riherd had previously filed an action against him in the small claims division of the district court for property damage and loss of use of an automobile, arising out of the same accident. The trial court entered summary judgment for Kirchner on the ground that the action in district court barred his claim for personal injuries.

The Court of Appeals, in reversing the trial court, recognized the doctrine of prohibition against splitting a cause of action, but distinguished this case on its facts.

Strangely enough, the Court of Appeals based its decision on the $1,000 jurisdictional limit for the district court, reasoning that since Riherd's claim for personal injuries and medical expenses far exceeded the $1,000 limit, he could not have filed these claims in the district court at the same time. As a further ground, the Court of Appeals expressed the opinion that the issue of negligence was not presented.

Riherd filed a small claims complaint in district court. He alleged that Kirchner owed him car rental reimbursement due to

an accident when Kirchner hit him. At the hearing, Riherd testified that he was stopped in traffic and the next thing he knew he was hit. The trial court asked if it was apparently by Kirchner; he answered that it was.

At another stage in the hearing, Riherd testified that the accident was not his fault. After hearing Riherd and determining that the claim for loss of use of his automobile was not for business purposes, the trial court directed a verdict for Kirchner.

This jurisdiction has long recognized the prohibition against splitting a cause of action.

One of the first cases to enunciate this doctrine is *Pilcher v. Ligon,* 91 Ky. 228, 12 Ky.Law Rep. 860, 15 S.W. 513 (1891). There the appellant had split his claim and sued in the justice's court for $50 of his entire claim of $250. He later attempted to bring suit in the chancery court for the full amount of his claim after the justice's court had rendered judgment against him on the merits. We said:

> The justice's record being conclusive of the fact that the appellant's claim for $50 attorney's fee in said case was heard upon its merits, the question arises, can the appellant sue for a larger amount in the chancery court? The answer is that the law will not permit a party who has sued for a part of an entire demand to sue for the residue in another action. This rule seems to be uniform. (Citations omitted). But it may be said the justice's court did not have jurisdiction of the full amount of the appellant's claim. The answer is that the entire cause of action was the appellant's right to an attorney's fee, and he gave the justice's court jurisdiction of that matter by bringing his action therein to recover $50 for said service; and to allow him to split the entire cause of action into many causes of action, and to harass the defendant with a separate action on each, would be a travesty upon legal justice.

█ Where a plaintiff, who has a claim which in its entirety exceeds in amount the court's jurisdiction, brings an action and

recovers judgment for an amount within the court's jurisdiction or is denied recovery by a judgment on the merits, he is, by operation of the judgment, precluded from thereafter maintaining an action for the balance of his claim, even though the court rendering the former judgment had no authority to give a judgment upon this balance. See also *Moore v. Gas and Electric Shop,* 216 Ky. 530, 287 S.W. 979 (1926).

In *Travelers Indemnity Company v. Moore,* 304 Ky. 456, 201 S.W.2d 7 (1947), we said:

> It does not appear to be disputed that one sustaining an injury with consequent damage consisting of more than one item of damage may not split his single cause of action by maintaining in his name separate suits against the same tort-feasor for each item of damage sustained. . . .

and further:

> The reason for such declared rule is that it is the duty of a plaintiff to assert his entire cause of action resulting from a single tort, and upon failure to do so he, in effect, renounces his right to recover other items of damages in subsequent actions.

In *Hays v. Sturgill,* 302 Ky. 31, 193 S.W.2d 648 (1946), we also said that one may not split up his cause of action and have it tried piecemeal. That this is the general rule is exemplified in Restatement (Second), Judgments, Sec. 24:

> (1) When a valid and final judgment rendered in an action extinguishes the plaintiff's claim pursuant to the rules of merger or bar (see §§ 18, 19), the claim extinguished includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose.
>
> (2) What factual grouping constitutes a "transaction," and what groupings constitute a "series," are to be determined pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation,

whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage.

See Comment g.

The plaintiff, having voluntarily brought his action in a court which can grant him only limited relief, cannot insist upon maintaining another action on the claim.

Riherd attempts to finesse the rule of law by arguing that the district court did not make a ruling on negligence. This theory simply does not help Riherd. He filed a complaint, he testified as to Kirchner's negligence, and certainly made out a case of negligence on the part of Kirchner. The fact that the trial court did not reach the question of liability for negligence does not change the fact that there was a judgment on the merits based on a claim that grew out of the automobile accident. The trial court ruled as a matter of law that Riherd was not entitled to the relief he claimed; hence the directed verdict. Reduced to its simplest terms, a claim was filed, the claim was decided on the merits, and the claim arose out of the same tort as the circuit court action. All of the elements were present to bar future claims arising out of the same incident.

█ We are of the opinion the Court of Appeals decision erroneously decided that some effect should be given to the fact that Riherd's claim for personal injuries, etc., exceeded the jurisdiction of the district court. That is the very basis of the prohibition against splitting a cause of action by making a claim for part of the cause of action in a lower court.

The theory for the prohibition against splitting a cause of action is barred largely on the ground that fairness to the defendant and sound judicial administration require that at some point litigation over a particular controversy be brought to a final conclusion.

The decision of the Court of Appeals is reversed.

STEPHENS, C.J., and GANT, STEPHENSON, and WINTERSHEIMER, JJ., concur.

LEIBSON, J., dissents and files a separate dissenting opinion in which AKER and VANCE, JJ., join.

LEIBSON, Justice, dissenting.

Respectfully, I dissent.

Small Claims Court is a relatively recent creation of the legislature, a *special statutory procedure* established by the *"Small Claims Act,"* KRS 24A.200 to 24A.360.

KRS 24A.200 defines its "Purpose" to include: to "make the judicial system more available and comprehensible to the public;" "to simplify practice and procedure;" to permit litigants to participate in the "handling and trial of such cases ... in their own behalf;" "to provide an efficient and inexpensive forum with the objective of dispensing justice in a speedy manner;" and "generally to promote the confidence of the public in the overall judicial system by providing a forum for small claims."

In the present case we have turned Small Claims Court from its statutory "Purpose" into a trap for the unwary, making innocent victims of the people it was designed to serve. We are *not* compelled to this result by the legal principles that bear on the case. The Majority Opinion has cited the general rule concerning splitting a cause of action found in the *Restatement (Second) Judgments,* § 24 (1982), but erroneously disregarded the clearly stated "Exceptions to the General Rule Concerning Splitting" found in § 26 of the same *Restatement (Second) Judgments.*

Applying the general rule instead of the exceptions is particularly wrong in this case because the negligence issue was *not even litigated* in Small Claims Court. John Riherd was proceeding without an attorney, as the Small Claims Act contemplates. When his trial got to the point where he testified that he did not use his car in his work, but only drove it to and from work, the judge explained to him that under Kentucky law he was not entitled to claim loss of use for an automobile in these circum-

stances. Thereupon the judge dismissed the case because the claim for loss of use was the only claim Riherd was litigating.

I am concerned that our decision that this insignificant claim for loss of use of an automobile in Small Claims Court barred a major claim in circuit court for personal injuries will be viewed by the general public as proof that the law has become overly technical, unreasonable and unjust. The Majority Opinion defeats the purpose of the statutory scheme in the Small Claims Act.

*Restatement (Second) Judgments,* § 26, "Exceptions to the General Rule Concerning Splitting," states:

"(1) When any of the following circumstances exists, the general rule of § 24 does not apply to extinguish the claim, and part or all of the claim subsists as a possible basis for a second action by the plaintiff against the defendant:

. . . .

(d) [I]t is the sense of the ["statutory"] scheme that the plaintiff should be permitted to split his claim;"

Comment e, "Implementation of a statutory or constitutional scheme," explains:

"[I]t may appear from a consideration of the entire statutory scheme that litigation, which on ordinary analysis might be considered objectionable as repetitive, is here intended to be permitted."

The Small Claims Act and Small Claims Court is exactly the kind of statutory scheme contemplated by § 26(1)(d), and by the explanatory note in Comment e. If there is any doubt about this, it is resolved by reference to "Illustration 5" following Comment e, and by reference to § 28(3) of the *Restatement (Second) Judgments* and to Comment d explaining that subsection. § 28 provides:

"Although an issue is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, relitigation of the issue in a subsequent action between the parties is not precluded in the following circumstances:

. . . .

(3) A new determination of the issue is warranted by differences in the quality or extensiveness of the procedures followed in the two courts or by factors relating to the allocation of jurisdiction between them;"

Comment d to § 28 states in pertinent part:

"[T]here may be compelling reasons why preclusion should not apply. For example, the procedures available in the first court may have been tailored to the prompt, inexpensive determination of *small claims* and thus may be wholly inappropriate to the determination of the same issues when presented in the context of a much larger claim." (Emphasis added.)

The *Restatement* then provides "Illustrations" which make the meaning perfectly clear:

"6. A brings an action against B to recover for property damage in a court whose jurisdiction is limited to claims not exceeding $2,000. The rules governing the conduct of litigation applicable in the court are substantially the same as those in courts of general jurisdiction. After trial, verdict and judgment are rendered for A on the basis of a finding of B's negligence. In a subsequent action by B against A for $10,000 for personal injuries arising out of the same occurrence, the finding of B's negligence in the first action is conclusive.

7. The facts are the same as in Illustration 6, *except that the first action is brought in a small claims court* which has a jurisdictional ceiling of $500, and which operates informally without pleadings, counsel or rules of evidence. The finding of B's negligence is not conclusive in the second action." (Emphasis added.)

Small Claims Court is a perfect example of the exception to the rule against splitting of causes of action in § 26 of the *Restatement* and is the specified Illustration of the exception to the general rule of

issue preclusion in § 28 of the *Restatement.*

I respectfully suggest that we should not separate ourselves from the mainstream of American law as represented by the *Restatement* to achieve an overly technical result. Two cases involving decisions under small claims acts, squarely in point, and adopting the view stated in the *Restatement* and this Dissenting Opinion are *Sanderson v. Niemann,* 17 Cal.2d 563, 110 P.2d 1025 (1941) and *Village Supply Co., Inc. v. Iowa Fund, Inc.,* 312 N.W.2d 551 (Ia.1981). We are cited *no cases* to the contrary.

We have elected to apply the rules used in an 1891 case, *Pilcher v. Ligon,* 91 Ky. 228, 12 Ky.Law Rep. 860, 15 S.W. 513 (1891), one hundred years later to a new specialized statutory procedure, Small Claims Court. Thus applied, the rule defeats the purpose of Small Claims Court. The result is to penalize Riherd for availing himself of the remedial legislation that the General Assembly was seeking to provide to him by the Small Claims Act.

AKER and VANCE, JJ., join in this dissent.