STATE OF OHIO, *ex rel.* FULTON, *v.* ARTIE PURSE.

1. CONTRACTS—CONFLICT OF LAWS—PLACE OF CONTRACTING.
   Law of forum determines whether contract signed in Michigan but delivered in Ohio made Michigan or Ohio the place of contracting.

2. SAME—BILLS AND NOTES—PLACE OF CONTRACTING.
   Note, given incident to land contract conveying land in Ohio, which was signed in Michigan but delivered in Ohio where transaction was closed and note was payable, *held*, to render Ohio the place of contracting.

3. SAME—DELIVERY—PLACE OF CONTRACTING.
   Except in case of renewal contracts, when a formal contract becomes effective on delivery, the place of contracting is where the delivery is made.

Appeal from Wayne; Richter (Theodore J.), J. Submitted June 13, 1935. (Docket No. 49, Calendar No. 38,370.) Decided December 10, 1935.

Assumpsit by the State of Ohio, on the relation of I. J. Fulton, superintendent of banks, against Artie Purse, James N. Purse, Maude E. Purse and Lida Purse for balance due on a promissory note. Summary judgment for plaintiff. Defendants Maude E. and Lida Purse appeal. Affirmed.

*Goodenough, Voorhies, Long & Ryan,* for plaintiff.

*Clyde C. Sanders* and *Douglas, Barbour, Desenberg & Purdy,* for defendants.

BUTZEL, J. There is but a slight difference between the facts involved in this case, wherein a summary judgment was entered, and those presented in *State of Ohio, ex rel. Fulton,* v. *James N. Purse, ante,* 502. Two brothers, James N. Purse and Artie Purse, residents of the city of Detroit, owned certain real estate in the State of Ohio and negotiated a loan thereon from the Commerce Guardian Trust & Savings Bank in the city of Toledo. In an affidavit of James N. Purse, filed in opposition to the motion for summary judgment, he stated that when the note and mortgage were ready for execution the officers of the bank stated to him that the defendants Maude E. Purse, who was his wife, and Lida Purse, the wife of Artie Purse, must sign both instruments in order to bar their right of dower in the mortgaged property; that he then stated to them that their wives would not sign any papers which would involve them in indebtedness, and was assured that the only reason for requiring their signatures was to release their dower rights or any other rights they had in the property; that the officers stated that the wives could be brought to Toledo and sign there or that the

note and mortgage could be executed by them in Detroit and the necessity for their signatures explained to them; that he took the note and mortgage to Detroit and there stated to his wife and to the wife of his brother what the officers had said to him as above set forth, and that they then executed the instruments and then they were delivered to the bank.

The defendants Maude E. Purse and Lida Purse, in affidavits filed in opposition to the motion, stated that they protested against signing the papers, but did so when informed that the officers of the bank had stated that their signatures were necessary only to bar their dower rights in the property mortgaged and that they incurred no personal liability by doing so.

The judgment should be affirmed for reasons stated in the companion case. The facts only differ in that the note here was signed by the women in Michigan when it was brought there by their respective husbands. Whether that made the place of contracting in Ohio or Michigan must be determined in accordance with the law of the forum. 2 Beale, Conflict of Laws, § 311.2. The place of contracting was in Ohio, where the note was delivered and the transaction closed. The case differs from *In re Estate of Lucas,* 272 Mich. 1, where the note accompanying a mortgage on Michigan property and payable in Michigan was signed in Michigan, and sent by mail to the resident of another State. In the instant case, the note was delivered in Ohio and was payable there. In *Palmer* v. *Hill,* 140 Mich. 468, the note was signed in California but received and accepted in Michigan. We held it to be a Michigan contract. By the same rule, the place of contracting in the instant case was in Ohio. In the American Law Institute, Restatement of Conflict of Laws, § 312, it is said:

"Except (in the case of renewal contract) when a formal contract becomes effective on delivery, the place of contracting is where the delivery is made."

To like effect, see 62 L. R. A. 40, note; Goodrich, Conflict of Laws, § 104.

Judgment affirmed, with costs to plaintiff.

POTTER, C. J., and NORTH, FEAD, WIEST, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.

The late Justice NELSON SHARPE took no part in this decision.