## WAGNER *v.* RYCHWALSKI.

1. JUDGMENT—ACTION IN PERSONAM—IN REM—FORECLOSURE—DE-
FICIENCY.

Where bill of complaint recited the rendition of an Illinois judg-
ment in action at law on the note secured by the mortgage on
Michigan real estate and prayed for foreclosure of the mort-
gage, for decree requiring defendants or some of them to pay
the amount due plaintiffs and for a deficiency decree against
the surviving mortgagor, the proceeding is one *in personam* as
well as *in rem*.

2. ACTION—VALIDITY OF MORTGAGE.

A proceeding wherein the validity of a real-estate mortgage is
the sole question would be a proceeding *in rem*.

3. JUDGMENT—RES JUDICATA.

A judgment in action at law on note secured by a mortgage be-
came *res judicata* as to amount due and as to defenses to the
note which might then have been interposed.

4. CONSTITUTIONAL LAW—FULL FAITH AND CREDIT.

Full faith and credit must be given in each State to the public
acts, records and judicial proceedings of every other State
(U. S. Const. art. 4, § 1).

---

Where second action is brought in another State, the court of the
second State is bound to give full faith and credit to the judgment
rendered in the first State, see Restatement, Judgments, § 47, com-
ment c, and § 68, comment v.

5. MORTGAGES—FORECLOSURE—FOREIGN JUDGMENT ON NOTES—RES
   JUDICATA.
   In suit to foreclose mortgage securing notes upon which judg-
   ment in action at law had previously been obtained in Illinois,
   which fact was recited in the bill, such judgment made the
   matter of amount due *res judicata* herein and where there is
   no claim that the judgment or any part of it has been paid
   since rendition, foreclosure should be decreed.

Appeal from St. Joseph; Jacobs (Theo T.), J.
Submitted October 5, 1944. (Docket No. 62, Calen-
dar No. 42,794.) Decided January 2, 1945.

Bill by Joseph Wagner and others against Anna
Rychwalski and others to foreclose a mortgage on
real estate. Decree for defendants. Plaintiffs ap-
peal. Reversed and remanded for further pro-
ceedings.

*James T. Sloan,* for plaintiff.

*Robert P. Polleys,* for defendant.

BUTZEL, J. On October 11, 1933, Joseph and Anna
J. Rychwalski executed an interest-bearing prom-
issory note in the amount of $1,000 payable 10 years
after date (with acceleration clause) to Richard
Wagner, and secured it by giving a real-estate mort-
gage on property in St. Joseph county. The
mortgage contained a covenant by the mortgagors to
pay principal and interest, and referred to the note
it secured. Subsequently Joseph Rychwalski died
and Anna J., the surviving maker of the note, on
remarriage took the name of Anna J. Dul. Richard
Wagner also died and the Lawndale National Bank
of Chicago was appointed executor of his estate.
In November, 1940, the executor began suit for the

collection of the note against Anna J. Rychwalski in the superior court of Cook county, State of Illinois. She caused her appearance to be entered by a firm of Chicago attorneys. The suit was contested before a jury which on May 7, 1942, rendered a verdict against Anna J. Rychwalski for $1,125. This represented the amount due on the mortgage note and interest to that date as set forth in the pleadings. A judgment was duly entered, execution issued and returned unsatisfied. The mortgage note, moneys due and the judgment were assigned to Joseph and Hattie Wagner, plaintiffs in the instant case, in which Anna J. Dul and others, claiming some interest acquired subsequent to the giving of the mortgage, are defendants. The instant suit, which is brought to foreclose the mortgage, also asks that the defendants or some of them be decreed to pay the amount due plaintiffs. The bill described the note in detail. It also asks for a deficiency decree against Anna J. Rychwalski. It also sets forth the rendition of the judgment in the superior court for Cook county, Illinois, and the return of the execution as unsatisfied and recites the assignment of the judgment, mortgage and notes to plaintiffs. In the answer to the bill, defendants claimed a receipt and release in words and figures as follows:

"All mortgages of Jos Anna Rychwalski, 1,000 are paid in full (sig) Dick Wagner 11-25-33."

While the term "mortgage note" is principally referred to in the bill of complaint and the judgment only by a statement thereof, nevertheless they show the same indebtedness and no question is raised by appellees that any confusion is caused thereby, it being apparent that the mortgage secures the debt first represented by the note and then the judgment.

At the hearing, the certified proceedings from the Illinois court were introduced, and the computation of the amount asked for is set forth as $1,238.63, the amount found by the Illinois court plus interest and costs. Defendant Anna Rychwalski identified the signature on the receipt hereinbefore set forth as that of Dick (Richard) Wagner. Attention evidently was called to the dissimilarity between it and a genuine signature appearing in the will of Richard Wagner. One Lefty Chmielewski testified that he was present when the receipt was signed and he saw the money paid. He also testified at the trial of the case in the Illinois court where the defendant either produced or could have produced the receipt. Apparently the jury in the Illinois court did not believe Chmielewski. His testimony in the instant case is not convincing. However, the trial court stated that in the absence of testimony of experts as to an alleged forgery of the signature to the receipt, he was unable to determine by comparison that it was not genuine. He held that the foreclosure proceeding was one "*in rem,*" and the Illinois case was "*in personam,*" and that, therefore, he was not bound by the Illinois judgment, though it was rendered many years after the date of the receipt.

The bill of complaint shows that the proceeding is one *in personam* as well as *in rem*. Were the validity of the mortgage solely questioned, it would be a proceeding *in rem*. No questions are raised as to the giving of the mortgage or its regularity. It is not claimed that the judgment in Illinois was wrongfully obtained.

Defendants strongly rely on *Rickle* v. *Dow,* 39 Mich. 91, wherein we stated that the judgment might bind complainant personally, yet it would not affect the security or prevent complainant from having the

mortgage set aside upon showing that the obligation it had been given to secure had in fact been paid. However, a further reading of the case shows that the judgment was wrongfully obtained in the law action by defendant who assured the complainant that the law action would be withdrawn and evidently lulled him to sleep and then obtained a judgment. A bill was filed to discharge the mortgage and also to have the judgment declared fraudulent and void. It was held that a judgment wrongfully obtained upon the note would be no answer in the suit to set aside the mortgage. It should be noted that this was a direct attack, not a collateral one as in the instant case. In this connection see *Barancik* v. *Schreiber*, 246 Mich. 361. There is no claim in the instant case that the Illinois judgment was wrongfully obtained. It became *res judicata.*

In *Brown* v. *Todd*, 16 Ky. Law Rep. 697 (29 S. W. 621), a judgment was obtained in Indiana on the note secured by mortgage and in the Kentucky court in a foreclosure action; defense was made that the note was usurious. The court stated that the judgment in Indiana being for the same debt mentioned in the mortgage, it seems clear that a lien on the mortgaged property still existed therefor, hence the court properly adjudged a sale of the mortgaged property to pay said debt. See, also, *Bishop* v. *Dodge*, 196 Mich. 231.

Under section 1 of article 4, Constitution of the United States, full faith and credit shall be given in each State to the public acts, records and judicial proceedings of every other State. The amount due on the note was adjudicated in the Illinois court. The proceedings brought in Michigan sought a personal decree, foreclosure and deficiency. The judgment was set forth in the bill of complaint. The amount due, represented and determined by the

judgment, had become *res judicata* prior to the time the bill of foreclosure was filed. There is no claim that the judgment or any part of it has ever been paid since its rendition. A decree of foreclosure should have been rendered.

The decree for defendants is reversed and the case is remanded to the circuit court for further proceedings. Plaintiffs will recover costs.

STARR, C. J., and NORTH, WIEST, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred.