**COMMERCIAL CREDIT CORPORATION,**
Appellant,

v.

**W. E. CALDWELL COMPANY, Appellee.**

Court of Appeals of Kentucky.

Feb. 18, 1955.

As Modified on Denial of Rehearing
June 24, 1955.

C. E. Schindler, Mapother & Morgan, Louisville, for appellant.

Joseph Stopher, Boehl, Stopher, Kilgarriff, Graves & Deindoerfer, Louisville, for appellee.

CLAY, Commissioner.

This suit was brought to recover damages for the alleged conversion of a truck body which was repossessed and sold as a part of a truck subject to defendant's recorded conditional sales contract. The case was tried as a court action without a jury, and a judgment was entered for plaintiff.

The Riggs Motor Company sold a Ford truck to one Nelson and he executed a conditional sales contract which described the vehicle as having a "garbage body". This contract was assigned on the same day to defendant and was properly recorded. The truck delivered to Nelson consisted of a cab and chassis, but the parties intended to have a garbage body installed thereon.

Approximately two weeks later plaintiff installed the garbage body on the chassis. Plaintiff intended to hold the truck until the body was paid for, but Nelson obtained possession of it without the former's consent and took the truck with body to Paducah. About six months later defendant repossessed the truck on an order of delivery, Nelson having defaulted on the conditional sales contract. This suit was then instituted by plaintiff, claiming conversion of the truck body to which it alleged it still retained title by virtue of an oral conditional sales agreement with Nelson.

The parties argue at length the question of whether or not under the principle of accession the garbage body became an integral part of the truck to which defendant's lien attached. We do not deem it necessary to decide that question.

Since this is a suit for conversion, the burden was upon plaintiff to establish title to the truck body. It asserted such title by virtue of an oral conditional sales agreement with the purchaser. Under Kentucky law a conditional sales agreement whereby the seller attempts to retain title is in substance a chattel mortgage, and only creates a lien. Munz v. National Bond and Investment Company, 243 Ky. 293, 47 S.W.2d 1055. Even if we assumed plaintiff may have had some sort of title, such title without possession is void as to creditors under the provisions of KRS 378.040.

Defendant was certainly a creditor of Nelson and it had the legal right to repossess this truck, including the body, as such a creditor under its conditional sales

·contract. Whether or not it had a lien upon the truck body at that time is not material. The·situation was the same as if the purchaser Nelson had voluntarily delivered the truck body to appellant in satisfaction of his indebtedness. The secret lien or title of plaintiff was not superior to the claim of defendant who obtained possession without notice thereof. Plaintiff had no title to this property as against defendant who clearly could have attached the truck body even in the absence of its conditional sales contract. See Meade v. Wells, 309 Ky. 748, 218 S.W. 2d 972. Under the facts of this case we believe defendant was in a similar position when it lawfully took possession of the truck and sold it in satisfaction of its claim.

Apparently the trial court based its decision, at least in part, upon equitable principles, disregarding the question of title. One of his conclusions of law. was that both parties were innocent victims of fraud perpetrated by Nelson, and the loss should be borne by defendant, apparently on the theory that defendant initiated the chain of events which caused the loss. We cannot agree with this conclusion because the equities are all in its favor.

Defendant did everything that could have been required of it to secure its debt by a properly recorded conditional sales contract. This contract included the truck body in its terms, even though the body had not then been attached to the truck. Money was ;advanced to Nelson to pay' for this body. Without any knowledge of plaintiff's claim, defendant proceeded according to law to gain possession of the truck upon the buyer's default. In no sense did it participate in the perpetration of this fraud.

On the other hand, plaintiff permitted the buyer to gain possession of the truck. For six months it took no steps either to record a conditional sales agreement, or to give notice to defendant of its claim, or to regain possession of the truck. Certainly if we may balance the equities in a suit of this nature, we find plaintiff was the least innocent of the two creditors.

Plaintiff also contends the question here involved is res judicata because in another proceeding involving another truck sold to this same buyer, plaintiff was successful in having a similar claim upheld. While the former suit involved the same parties and a similar truck sold under similar conditions, the kind of suit, the subject matter thereof, the nature of the claim, and the evidence presented were all different. There is simply no relationship between the two actions which would justify the application of res judicata.

The judgment is reversed with directions to enter one in conformity with this opinion.

HOGG, J., not sitting.