**R. C. GILBERT, Appellant,**

v.

**BOWLING GREEN BANK & TRUST COMPANY, Executor of the Will of Sarah Garris, Deceased, Appellee.**

Court of Appeals of Kentucky.

Nov. 20, 1970.

G. D. Milliken, Jr., Milliken & Milliken, Bowling Green, for appellant.

John David Cole, Harlin, Parker, Ricketts, Lucas & English, Bowling Green, for appellee.

CULLEN, Commissioner.

R. C. Gilbert filed a claim against the estate of Sarah Garris, deceased, in the amount of $15,000, as compensation for services alleged to have been rendered by Gilbert to Mrs. Garris at her instance and request and upon her promise that she would pay a reasonable amount for the services. The claim was rejected by the executor, whereupon Gilbert brought the instant action against the executor to recover on the claim. The circuit court sustained a defensive plea of res judicata and entered judgment dismissing the action. Gilbert has appealed from that judgment.

The defense of res judicata was based on the judgment in a previous action which Gilbert had brought against First Federal Savings and Loan Association of Bowling Green, and in which the executor was joined as an additional defendant. In that action Gilbert had sought to be adjudged the owner of a savings account in the amount of $12,281.59, in the savings and loan association. His claim was that Mrs. Garris, before her death, had directed the association to transfer her individual account to one in her name "and/or" Gilbert's name, thus creating a joint account with right of survivorship, of which Gilbert became the owner upon the death of Mrs. Garris. The circuit court in that action found Gilbert's proof inadequate to establish his claim, and entered judgment dismissing the action.

The theory on which the previous judgment was held to be res judicata of the instant action was that Gilbert *could have* asserted the instant claim in the previous action and therefore he is precluded from asserting it in the subsequent action. The theory rests upon a misconception of the doctrine of res judicata. The proposition that a litigant is precluded as to matters which he *could have* asserted (as well as to matters that actually were asserted) applies only to such matters as "properly were involved in the scope of the proceedings or belonged to the subject of the litigation," Smith v. Decker, Ky., 374 S.W. 2d 487, or the application of which would be to "sustain or defeat the right asserted in the earlier proceeding," All States Investor's, Inc. v. Sedley, 6 Cir., 399 F.2d 769.

"Where the second action is upon a different claim, demand, or cause of action, the established rule is that the judgment in the first action operates as an estoppel only as to the issues, points, or questions actually litigated and determined, and not as to matters not litigated in the former action, even though such matters might properly have been determined therein." 46 Am.Jur.2nd, Judgments, Sec. 418, pp.

586, 587. Kentucky adheres to that rule. See Vaughn's Adm'r v. Louisville & N. R. Co., 297 Ky. 309, 179 S.W.2d 441; Commercial Credit Corp. v. W. E. Caldwell Co., Ky., 279 S.W.2d 803; Bryan Brothers Packing Co. v. Garrard, Ky., 386 S.W.2d 469; Whittenberg Engineering & Construction Co. v. Liberty Mutual Ins. Co., Ky., 390 S.W.2d 877.

The cause of action in the instant case is one entirely different from that asserted in the previous action, and no issues, points or questions litigated and determined in the previous action are claimed to have been reasserted in the instant action.

It is our conclusion that the judgment in the previous action was not res judicata of the second action.

The judgment is reversed with directions for further proceedings in conformity with this opinion.

All concur.