SORENSON v SAWYER

1. JUDGMENT—RES JUDICATA—AUTOMOBILES—NEGLIGENCE—INSUR-
ANCE—SUBROGATION.

A plaintiff in an automobile negligence action has the same
rights against the defendant as the plaintiff's insurer had in a
prior action by the insurer, as subrogee of the plaintiff, against
the defendant, because the factors establishing defendant's
liability to the plaintiff's insurer and the plaintiff are the same;
therefore, where the defendant obtained a judgment of no cause
of action in the prior suit by plaintiff's insurer as subrogee, the
defendant was entitled to accelerated judgment in a subsequent
action instituted by the plaintiff.

2. JUDGMENT—RES JUDICATA.

A legal action must fail where issues of fact or law which are
essential to the maintenance of that action have been finally
decided by a court of competent jurisdiction in another legal
action.

Appeal from Bay, Leon R. Dardas, J. Submitted
Division 3 June 11, 1974, at Lansing. (Docket No.
17770.) Decided July 23, 1974. Leave to appeal
applied for.

Complaint by Walter Sorenson against Robert J.
Sawyer, Sr., for damages resulting from an auto-
mobile accident. Defendant's motion for acceler-
ated judgment denied. Defendant appeals. Re-
versed and remanded with instructions.

*John M. Patterson, P. C.,* for plaintiff.

REFERENCES FOR POINTS IN HEADNOTES
[1] 8 Am Jur 2d, Automobiles and Highway Traffic § 598.
Liability of owner of automobile for negligence while it is being
operated by another with his consent as affected by immunity of
the operator (or his employer) from liability or action. 152 ALR
1058.
[2] 46 Am Jur 2d, Judgments §§ 416, 440, 441.

*Isackson & Neering, P. C.* (by *Stanley Zimostrad),* for defendant.

Before: QUINN, P. J., and V. J. BRENNAN and CARLAND,* JJ.

QUINN, P. J. Defendant appeals from the trial court's denial of his motion for accelerated judgment. The motion was based on a claim of res judicata.

The automobiles of plaintiff and defendant collided at the intersection of Grant and Fourth Streets, Bay City, on March 7, 1966. At the time, plaintiff was insured by USF&G and the insurance policy provided for medical payments. Plaintiff made claim against his insurance company and was paid approximately $1,000 for which he executed a subrogation receipt for $1,000 to USF&G.

April 19, 1968, USF&G filed suit on its subrogated claim against defendant in Bay City municipal court for the subrogated amount of $1,000. This case was tried before a jury August 20, 1968. Plaintiff appeared as a witness for USF&G in this action. The jury verdict was no cause of action and judgment entered thereon. No appeal was taken.

March 4, 1969, plaintiff filed the present action in circuit court. Defendant appeared specially and moved for accelerated judgment on the basis of res judicata. The motion was argued May 19, 1969 and it was denied by order entered June 4, 1973.

Plaintiff's rights against defendant are the same as the rights of USF&G against defendant, *Indemnity Insurance Co of North America v Otis Elevator Co,* 315 Mich 393; 24 NW2d 104 (1946). The factors establishing defendant's liability to USF&G and to plaintiff are the same, *Jones v Chambers,*

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

353 Mich 674; 91 NW2d 889 (1958). A statement in the latter case at page 680 is applicable:

"Where issues of fact or law have been finally decided by a court of competent jurisdiction in one legal action which are essential to the maintenance of another legal action, it is universally held that the second action must fail."

Unlike *Chunko v LeMaitre,* 10 Mich App 490; 159 NW2d 876 (1968), this defendant asserted his claim of res judicata at the first opportunity. While the result of foreclosing plaintiff from trying this action may appear harsh, it is equally harsh to require defendant to defend this action twice. Plaintiff could have prevented the result by timely action in municipal court.

Reversed and remanded for entry of an order granting defendant's motion for accelerated judgment with costs to defendant.

All concurred.