**REVENUE CABINET Commonwealth of Kentucky, Appellant,**

v.

**CASTLETON, INC., Appellee.**

No. 91–CA–000218–MR.

Court of Appeals of Kentucky.

March 27, 1992.

Celia M. Dunlap, Div. of Legal Services, Frankfort, for appellant.

Douglas P. Romaine, Stoll, Keenon & Park, Lexington, for appellee.

Before LESTER, C.J., and EMBERTON and HUDDLESTON, JJ.

HUDDLESTON, Judge.

This is an appeal from a judgment which reversed an order of the Kentucky Board of Tax Appeals. The Board had dismissed an appeal by Castleton, Inc., from a ruling by the Revenue Cabinet denying its claim for a tax refund. The Board refused to consider the appeal because of a finding that it was not timely filed. Because we agree with Fayette Circuit Court that the appeal to the Board was timely, we affirm its judgment.

On January 17, 1984, the Revenue Cabinet issued a sales and use tax assessment against Castleton, Inc., in the amount of $51,450.90, plus applicable interest and penalties. In response, Castleton, on February 12, 1984, made a payment of $8,348.98 to the Cabinet for a portion of the assessment and protested the remaining portion. On December 27, 1984, the Revenue Cabinet issued a final letter ruling finding Castleton's remaining tax liability, after its payment, to be $42,012.39, plus applicable interest.

Castleton appealed to the Board of Tax Appeals, protesting the Cabinet's tax assessment. On April 17, 1986, the Board ruled that Castleton was liable for only $26,934.32 of this assessment.

On May 22, 1986, Castleton filed a claim with the Cabinet requesting a refund of $2,960.08 of its initial $8,384.98 tax payment made in 1984, asserting that certain transactions upon which the tax had been paid were, in fact, exempt. The Revenue Cabinet, in a letter dated June 11, 1987, denied Castleton's refund claim. Castleton then filed a formal written protest with the Cabinet concerning the denial of the claim.

Thereafter, Castleton made repeated requests for a final ruling by the Cabinet. On November 23, 1988, the Revenue Cabinet issued a final ruling denying Castleton's claim for refund. Castleton filed an appeal from that ruling with the Board of Tax Appeals. The Cabinet later moved to dismiss this appeal, claiming that the Board was without jurisdiction because it was not timely filed. On May 12, 1989, the Board entered an order dismissing Castleton's appeal based upon a finding that the Cabinet's June 11, 1987, letter to Castleton denying its refund claim constituted a final ruling for appeal purposes. Hence, the Board concluded, Castleton was required to file an appeal concerning the refund denial within thirty days thereafter.

Castleton appealed the Board's decision to Fayette Circuit Court. On December 7, 1990, the court, reversed the Board's decision, finding that the Cabinet's June 11, 1987, letter was not a final, appealable order, and holding that the Board did have jurisdiction to hear the appeal from the Cabinet's final ruling of November 23, 1988.

On appeal, to this Court, the Revenue Cabinet contends that the Board of Tax Appeals correctly determined that Castleton had a statutory duty to appeal its June 11, 1987, letter denying Castleton's refund claim. The Cabinet asserts that while such denial did not constitute a final ruling, it did amount to a "determination" from which Castleton was required to appeal. Thus, the Cabinet insists that the present appeal from the November 23, 1988, ruling, which again denied the refund claim, was untimely.

The relevant statute, KRS 131.340(1), provides:

The Kentucky board of tax appeals is hereby vested with exclusive jurisdiction to hear and determine appeals from *final rulings, orders and determinations* of any agency of state or county government affecting revenue and taxation. (Emphasis supplied.)

In its May 12, 1989, order dismissing Castleton's appeal, the Board specifically found that the letter issued by the Revenue Cabinet to Castleton on June 11, 1987, was a final ruling under KRS 131.340. While now admitting that the Board erred in making such a finding, the Cabinet, nevertheless, argues that even though it was not a final ruling, it was still a "determination" under the rule from which an appeal was required to be taken within thirty days. We do not so interpret KRS 131.340(1).

■ From our reading of this statutory provision we conclude that the Board of Tax Appeals is vested with exclusive jurisdiction to hear and determine appeals only from *final* determinations or rulings by the Revenue Cabinet on matters affecting revenue and taxation. The "plain meaning" of the language contained in KRS 131.340(1) that the word "final" modifies not only "rulings," but also "orders and determinations." See, generally, *Board of Education of Russellville Independent Schools v. Logan Aluminum, Inc.*, Ky., 764 S.W.2d 75 (1989); *Revenue Cabinet v. JRS Data Systems, Inc.*, Ky.App., 738 S.W.2d 828 (1987).

This interpretation is also consistent with other statutory provisions applicable to the Revenue Cabinet. KRS 131.110, which applies to protests of tax assessments, provided, in pertinent part, prior to amendment in 1990 that:

(1) The Revenue Cabinet shall mail to the taxpayers a notice of any tax assessed by it. The assessment shall be final if not protected in writing to the cabinet within thirty (30) days from the date of notice. Such protest shall be accompanied by a supporting statement setting forth the grounds upon which the protest is made. Upon written request, the cabinet may extend the time for filing the supporting statement if it ap-

pears the delay is necessary and unavoidable. The refusal of such extension may be reviewed in the same manner as a protested assessment.

\* \* \* \* \* \*

(3) After considering the taxpayer's protest, including any matters presented at the final conference, the cabinet shall issue a *final* ruling on any matter still in controversy, which shall be mailed to the taxpayer. The ruling shall state that it is a *final* ruling of the cabinet, generally state the issues in controversy, the cabinet's position thereon and set forth the procedure for prosecuting an appeal to the Kentucky Board of Tax Appeals.

\* \* \* \* \* \*

(5) After a *final* ruling has been issued, the taxpayers may appeal to the Kentucky Board of Tax Appeals pursuant to the provisions of KRS 131.340. (Emphasis supplied.)

This statute clearly indicates that after a protest to a tax assessment has been made by a taxpayer, the Cabinet shall issue a final ruling or determination on the matter. It is only when such ruling is final—and so states—that it can be appealed to the Board of Tax Appeals.

The Cabinet appears to concede that its June 11, 1987, determination or ruling was not a "final" decision. Instead, it merely argues that it was a "determination" according to KRS 131.340. Based on our interpretation of this statute, we hold that the Cabinet's June 7, 1987, letter denying Castleton's claim for a refund was not a final action or determination from which an appeal was required to be taken by Castleton.

 The Revenue Cabinet also contends that Castleton did not have a legal right to request a refund since it failed to follow the procedures for protesting the tax assessment enumerated in KRS 131.-110. As noted, the Revenue Cabinet issued a tax assessment against Castleton on January 17, 1984. Thereafter, Castleton made a payment of approximately $8,400.00 for part of the assessment and filed a protest concerning the rest. The Revenue Cabinet

then issued a final ruling which, in effect, held Castleton liable for the remaining unpaid portion of the assessment.

Castleton appealed this ruling to the Board of Tax Appeals contesting only the portion of the assessment that remained unpaid. It was only after the Board had made its determination concerning the propriety of this part of the assessment, that Castleton filed a claim with the Cabinet seeking a refund of $2,960.00 from the $8,400.00 in assessed taxes which it had previously paid. The Cabinet now argues that because Castleton did not initially dispute this $2,960.00 tax liability, either in its protest with the Cabinet or in its appeal to the Board, it waived its right under KRS 131.110 to later request a refund.

The circuit court held that Castleton could file a claim for a tax refund under KRS 134.580, even though it had not followed the procedural steps provided in KRS 131.110 for protesting a tax assessment. The court specifically found that no relationship between these two statutes exists.

KRS 139.770, which governs claims for refunds of or credits for taxes paid, provides, in relevant part, as follows:

(1) The taxes paid pursuant to the provisions of this chapter shall be refunded or credited in the manner provided in KRS 134.580, provided that the claim for refund or credit is made by the taxpayers within four (4) years of the due date of the return or the date the taxes were paid, whichever is the later.

KRS 134.580, provided in relevant part, prior to amendment in 1990, that:

(1) When money has been paid into the State Treasury in payment of any state taxes except ad valorem taxes, whether payment was made voluntarily or involuntarily, the revenue cabinet shall authorize refunds or credits, to the person who paid the tax, or to his heirs, personal representatives or assigns, of any overpayment of tax and any payment where no tax was due. When a bona fide controversy exists between the cabinet and the taxpayer as to the liability of the taxpayer for the payment of tax claimed

to be due by the cabinet, the taxpayer may pay the amount claimed by the cabinet to be due, and if an appeal is taken by the taxpayer from the ruling of the cabinet within the time provided by KRS 131.340 and it is finally adjudged that the taxpayer was not liable for the payment of the tax or any part thereof, the cabinet shall authorize such refund or credit as the Kentucky Board of Tax Appeals or courts may direct.

\* \* \* \* \* \*

(3) Nothing in this section shall be construed to authorize the cabinet to make or cause to be made any refund except within four (4) years from the date the money was paid into the State Treasury. Nothing in this section shall be construed as requiring the cabinet to authorize any refund or credit to a taxpayer without demand from the taxpayer, if in the opinion of the cabinet the cost to the state of authorizing the refund or credit would be greater than the amount that should be refunded or credited.

Upon consideration of KRS 134.580 in light of KRS 131.110, we agree with the trial court's determination that the remedy for filing a claim for a refund of taxes pursuant to KRS 134.580 is not conditioned upon satisfaction of the procedural requirements provided in KRS 131.110 for filing a protest of a tax assessment. As noted, KRS 131.110(1) allows a taxpayer thirty days within which to file such a protest. KRS 134.580(3) and KRS 139.770(1), on the other hand, are concerned with requests for refunds of taxes already paid and provide that claims for refund must be made within four years of the due date of the return or the date the money was paid into the treasury, whichever is later.

It is clear that KRS 131.110 and KRS 134.580 address entirely different matters in the process of assessing, paying and collecting taxes and have no specific connection to each other. We do note that KRS 134.580(1) refers to KRS 131.340, which applies to the jurisdiction of the Board of Tax Appeals to hear appeals from any final rulings affecting revenue and taxation, including those from protests of tax assessment. However, this section of KRS 134.580 merely provides that when a taxpayer pays a contested tax assessment and appeals the ruling according to KRS 131.-340, he can, if successful, receive a refund of the contested tax payment. However, nothing contained in KRS 134.580 requires a taxpayer contest a tax assessment before he is entitled to seek a refund of the taxes paid. In fact, KRS 134.580(1) permits a refund of taxes paid regardless of whether the payment of them was voluntary or involuntary.

Based on the foregoing analysis, we hold that Castleton's claim for a refund of its $2,960.00 tax payment was proper and timely under KRS 134.580(1) and KRS 139.-770(1). Castleton paid these taxes on February 17, 1984, and then sought a refund on May 22, 1986. Its claim was well within the four-year period of limitation provided by the statutes for seeking a refund.

■ Lastly, the Revenue Cabinet claims that the doctrine of *res judicata* is applicable and controlling in this case. It asserts that since Castleton did not initially contest the $2,960.00 tax payment when it filed its protest of the tax assessment with the Cabinet, it could not later seek a refund of this amount. Based on our determination that a tax assessment protest under KRS 131.-110 is a separate and distinct action from a claim of refund under KRS 134.580 and KRS 139.770, we believe that this contention is without merit. A taxpayer has a right to seek relief under either statute, or both. The doctrine of *res judicata* is inapplicable and Castleton was not precluded from requesting a refund of the $2,960.00 in taxes, even though it had previously paid them without protest.

The judgment is affirmed.

All concur.