JONES v STATE FARM MUTUAL AUTOMOBILE INSURANCE
COMPANY

Docket No. 152605. Submitted August 4, 1993, at Detroit. Decided
November 15, 1993, at 9:05 A.M.

William K. Jones brought an action in the Wayne Circuit Court
against State Farm Mutual Automobile Insurance Company,
seeking reimbursement of lost wages and medical and related
expenses arising from the explosion of a tanker truck that he
was unloading in Waterford, Michigan, after he had driven it
from Kentucky. The plaintiff, a Kentucky resident covered by
an automobile no-fault insurance policy issued by the defendant
in Kentucky, had previously brought a contract action in a
Kentucky circuit court seeking a similar reimbursement of
those expenses pursuant to the provisions of the insurance
policy. The Kentucky court granted the defendant summary
judgment on the basis that the plaintiff was ineligible for
benefits because he was not engaged in the use of a motor
vehicle within the meaning of Kentucky law. During the pen-
dency of the proceedings in the Kentucky circuit court, the
plaintiff commenced the Michigan action, in which he alleged
both breach of contract and eligibility for benefits pursuant to
the Michigan no-fault act. The court, Samuel A. Turner, J.,
granted summary disposition for the defendant on the basis of
res judicata. The plaintiff appealed.

The Court of Appeals *held:*

1. Under Michigan law, the interpretation of a contract
entered into in a foreign jurisdiction is governed by the law of
that jurisdiction if the court of last resort of the jurisdiction
has declared the law concerning the disputed question with
absolute certainty, otherwise Michigan law controls. Because
the Kentucky Supreme Court has not declared with absolute
certainty whether Kentucky's application of the doctrine of res
judicata would bar the claim based on the Michigan no-fault
act, the question must be decided pursuant to Michigan law.

2. Michigan has adopted the broad application of res judicata,

REFERENCES

Am Jur 2d, Judgments §§ 404, 407, 409, 412, 531.
Proper test to determine identity of claims for purposes of claim
preclusion by res judicata under federal law. 82 ALR Fed 829.

which bars all claims arising out of the same transaction that the plaintiff could have brought, as well as those claims actually litigated in the prior proceedings. Because the Michigan statutory claim arose out of the same transaction that gave rise to the Kentucky contract judgment, res judicata bars the Michigan action.

3. The defendant did not waive its right to res judicata by failing to object in the Kentucky action to the plaintiff's nonjoinder of the Michigan statutory claim. Kentucky does not require mandatory joinder of all claims, and, even if the Michigan mandatory joinder rule were controlling, that rule would not be applicable here, because at the time of the filing of its answer in Kentucky the defendant could not have sought joinder because the Michigan action had not yet been filed.

4. The trial court correctly determined that Michigan is constitutionally obligated to give full faith and credit to the Kentucky judgment.

Affirmed.

ACTIONS — RES JUDICATA — AUTOMOBILES — INSURANCE — NO-FAULT.
  Res judicata bars the bringing of an action for no-fault benefits based on a Michigan statutory claim where there has been a prior contract action in a foreign jurisdiction that arose out of the same transaction, the parties were the same, and a similar recovery was sought.

*Eames, Wilcox, Mastej, Bryant, Swift & Riddell* (by *Jerry R. Swift* and *Keith M. Aretha*), for the plaintiff.

*Draugelis & Ashton* (by *John A. Ashton*), for the defendant.

Before: BRENNAN, P.J., and CORRIGAN and R. C. ANDERSON,* JJ.

CORRIGAN, J. In this action for first-party no-fault insurance benefits, plaintiff appeals the grant of summary disposition for defendant pursuant to MCR 2.116(C)(7) (action barred by prior judgment). We affirm.

* Circuit judge, sitting on the Court of Appeals by assignment.

The facts are undisputed. Plaintiff, a long-distance truck driver and resident of Kentucky, purchased an automobile insurance policy in Kentucky from defendant for his personal car. On June 13, 1990, plaintiff hauled gasoline for Hydrocarbon Traders in a tanker-trailer from Kentucky to a purchaser in Waterford, Michigan. Upon arrival, plaintiff began unloading the gasoline through rubber hoses from his vehicle to an underground storage tank on the purchaser's premises. While the fuel was being unloaded, one of the purchaser's employees parked a smaller truck perpendicular to plaintiff's tanker, leaving the truck's engine running. Gasoline fumes released from plaintiff's tanker were ignited by the idling truck. Plaintiff was injured in the ensuing explosion, even though he realized the imminent danger and was running away. He was approximately 150 feet from the truck at the time the explosion occurred.

In January 1991, after defendant had denied his claim for no-fault benefits in Kentucky, plaintiff brought suit in the circuit court for Clinton County, Kentucky, alleging breach of contract. In August 1991, the circuit court granted defendant's motion for summary judgment, holding that plaintiff was ineligible for benefits under Kentucky law because he was not engaged in the "use of a motor vehicle" at the time of the accident. The decision was affirmed by the Kentucky Court of Appeals in May, 1992.[1]

In June, 1991, plaintiff brought the present

---

[1] Docket No. 91-CA-2040-S, released May 29,1992. The appeal was decided just seven days after plaintiff filed his claim of appeal in this Court. No further review was sought. Neither party accurately reported the outcome of the Kentucky appeal to this Court. The Kentucky decision was released almost three months before plaintiff's brief was filed and well over a year before oral argument in this Court. At oral argument, plaintiff's counsel incorrectly advised that the appeal was still "pending."

Michigan action against defendant in the Wayne
Circuit Court, seeking reimbursement of lost
wages, medical expenses, and related expenses
arising from the June 13, 1990, explosion. The suit
originally alleged only a breach of the insurance
contract issued in Kentucky. However, by amend-
ment, in March 1992, plaintiff pleaded an addi-
tional ground arising under MCL 500.3163(1); MSA
24.13163(1):

> An insurer authorized to transact automobile
> liability insurance and personal and property pro-
> tection insurance in this state shall file and main-
> tain a written certification that any accidental
> bodily injury or property damage occurring in this
> state arising from the ownership, operation, main-
> tenance or use of a motor vehicle as a motor
> vehicle by an out-of-state resident who is insured
> under its automobile liability insurance policies,
> shall be subject to the personal and property pro-
> tection insurance system set forth in this act.

On May 1, 1992, the circuit court granted defen-
dant's motion for summary disposition on grounds
of res judicata. Defendant contended, and the cir-
cuit court held, that the Kentucky judgment
barred the present action. The circuit judge found
that the parties, the injury, and the contract were
the same in the two actions, but that the damages
sought differed because "Michigan coverages are
greater."

The applicable standard of review under MCR
2.116(C)(7) requires us to accept all plaintiff's well-
pleaded allegations as true and to construe them
most favorably to the plaintiff. *Dedes v South Lyon
Community Schools,* 199 Mich App 385, 388; 502
NW2d 720 (1993). In reviewing a C(7) motion, the
court must consider all affidavits, pleadings, depo-
sitions, admissions, and documentary evidence

filed or submitted by the parties. The motion should not be granted unless no factual development could provide a basis for recovery. *Harrison v Director of Dep't of Corrections,* 194 Mich App 446, 449; 487 NW2d 789 (1992); MCR 2.116(C)(7); MCR 2.116(G)(5).

I. PLAINTIFF'S ACTION UNDER MCL 500.3163(1); MSA 24.13163(1) IS BARRED BY THE KENTUCKY DECISION THAT PLAINTIFF HAD NO CLAIM UNDER THE POLICY.

The rule of res judicata is summarized in 1 Restatement Judgments, 2d, §§ 24, 25, pp 196, 209:

> (1) When a valid and final judgment rendered in an action extinguishes the plaintiff's claim pursuant to the rules of merger or bar . . . , the claim extinguished includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose.
>
> \* \* \*
>
> The rule of § 24 applies to extinguish a claim by the plaintiff against the defendant even though the plaintiff is prepared in the second action
> (1) To present evidence or grounds or theories of the case not presented in the first action.

Before we reach the substantive issues, we first address a procedural question. Although both parties insist that no issues involving a choice of laws are presented, we disagree.

Generally, matters relating to the right of action are governed by the laws of the state where the cause of action arose. All matters relating purely to the remedy are governed by the laws of the state where the action is instituted. *Yount v Nat'l Bank of Jackson,* 327 Mich 342, 346; 42 NW2d 110 (1950). The forum state's rules relative to conflict

of laws apply. *McLouth Steel Corp v Jewel Coal & Coke Co,* 570 F2d 594, 601 (CA 6, 1978). Under Michigan law, interpretation of contract provisions is governed by the law of the state in which the contract was entered. *Id.,* citing *Rubin v Gallagher,* 294 Mich 124, 128; 292 NW 584 (1940); *Vanderveen's Importing Co v Keramische Industrie M deWit,* 199 Mich App 359, 364; 500 NW2d 779 (1993). The determination of the state in which a contract was entered is made in accordance with the law of the forum. *Ohio ex rel Fulton v Purse,* 273 Mich 507, 509; 263 NW 874 (1935); *Vanderveen's, supra* at 364.

The rule that contracts are interpreted pursuant to the law of the state in which the contract was entered, however, is subject to an exception. If the court of last resort in the foreign state has not declared the applicable foreign law with "absolute certainty," then Michigan law controls an action instituted in a Michigan forum. *Bostrom v Jennings,* 326 Mich 146, 154; 40 NW2d 97 (1949), citing 14 Am Jur, Courts, § 88. Kentucky courts have not spoken with "absolute certainty" regarding whether the Kentucky judgment would render plaintiff's Michigan claim res judicata.

> "The general rule for determining the question of *res judicata* as between parties in actions embraces several conditions. First, there must be identity of the parties. Second, there must be identity of the two causes of action. Third, the action must be decided on its merits. In short, the rule of *res judicata* does not act as a bar if there are different issues or the questions of law presented are different." [*Louisville v Louisville Professional Firefighters Ass'n,* 813 SW2d 804, 806 (Ky, 1991), quoting *Newman v Newman,* 451 SW2d 417, 419 (Ky, 1970).]

The Supreme Court of Kentucky "has long fol-

lowed the rule that the doctrine of res judicata, except in special cases, goes not only to points upon which the court was actually required by the parties to form an opinion and pronounce judgment, *but to every point which properly belonged to the subject litigation and which the parties, exercising reasonable diligence, might have brought forward." Stephens v Goodenough,* 560 SW2d 556, 558 (Ky, 1977) (emphasis added). See also, e.g., *Huntzinger v McCrae,* 818 SW2d 613, 615 (Ky App, 1990); *Dennis v Fiscal Court of Bullitt Co,* 784 SW2d 608, 611 (Ky App, 1990). The doctrine of res judicata has a subsidiary rule that a cause of action may not be split and tried piecemeal. *Egbert v Curtis,* 695 SW2d 123, 124 (Ky App, 1985), citing *Hays v Sturgill,* 302 Ky 31, 34; 193 SW2d 648 (1946). See also, e.g., *Kirchner v Riherd,* 702 SW2d 33, 34 (Ky, 1986) (the plaintiff could not bring a personal injury claim in circuit court after having received a judgment on a property damage claim in small claims court).

Kentucky courts have also held, however, that "the rule does not mean that the prior judgment is conclusive of matters which were not *germane to, implied in, or essentially connected with* the actual issues in the case although they may affect the ultimate rights of the parties and might have been presented in the former action." *Strunk v Bennett,* 258 SW2d 517 (Ky, 1953) (emphasis added). See also, e.g., *Gilbert v Bowling Green Bank & Trust Co,* 460 SW2d 14, 15 (Ky App, 1970). Where "more than one primary right of [the] plaintiff [has been] invaded, or if there has been more than one invasion of a single primary right," res judicata will not bar the second suit. *Citizens Telephone Co v Anderson,* 291 SW2d 527, 528 (Ky, 1956). The Kentucky Court "quoted with approval" from 46 Am Jur 2d, Judgments, § 402, p 569, that

"the doctrine of res judicata is to be applied in particular situations as fairness and justice require, and . . . it is not to be applied so rigidly as to defeat the ends of justice." *Spears v Spears*, 784 SW2d 605, 607 (Ky App, 1990), citing *Floyd Co Bd of Ed v Layne*, 474 SW2d 397 (Ky, 1972). After reviewing the law on res judicata in Kentucky, the Kentucky Court of Appeals determined that "the application of res judicata and collateral estoppel is best served on a case-by-case basis." *Revenue Cabinet, Commonwealth of Kentucky v Samani*, 757 SW2d 199, 202 (Ky App, 1988).

Kentucky has not spoken with "absolute certainty" concerning the exact issue presented, i.e., whether plaintiff's Michigan statutory claim was "germane to, implied in, or essentially connected with" the Kentucky case and if it "properly belonged to the subject litigation."[2] However, we

---

[2] Kentucky seems willing to find that prior actions are not res judicata in subsequent suits. In *Commercial Credit Corp v W E Caldwell Co*, 279 SW2d 803, 805 (Ky, 1955), involving a secured transaction, the court held that even though the former suit "involved the same parties and a similar truck sold under similar conditions, the kind of suit, the subject matter thereof, the nature of the claim, and the evidence presented were all different." The opinion does not, however, describe the differences. *Citizens Telephone Co, supra*, on which plaintiff relies, found that a woman was entitled to maintain two actions against the telephone company that had terminated her service, one to have the service reinstalled and the other for damages from her loss of business. See also, e.g., *Haeberle v St Paul Fire & Marine Ins Co*, 769 SW2d 64, 67 (Ky App, 1989) (two distinct actions could arise out of the same promissory note because "at no time [in the prior proceedings] was the validity of the note or appellant's obligation thereunder at issue"); *Revenue Cabinet v Castleton, Inc*, 826 SW2d 334, 337 (Ky App, 1992) (a challenge to a tax assessment was not a bar to an action for a refund of prior years' taxes because two different statutes applied and they had "no specific connection to each other"); *Arnold v K-Mart Corp*, 747 SW2d 130, 133 (Ky App, 1988) (a district court action for back pay was not a bar to tort action in circuit court); *Commonwealth Cabinet for Human Resources Division of Child Support Enforcement v Keith*, 805 SW2d 672 (Ky App, 1991) (a finding that a divorce decree ordering child support was invalid did not bar an action by state under a statute requiring parents to support their dependent children).

conclude that under Michigan law the Kentucky judgment bars plaintiff's current claim.

The concerns behind the doctrine of res judicata are economy of judicial resources and finality of litigation. *Gose v Monroe Auto Equipment Co,* 409 Mich 147, 159; 294 NW2d 156 (1980). The doctrine of res judicata applies not only to facts previously litigated, but also to points of law necessarily adjudicated in determining and deciding the subject matter of the litigation. *Hlady v Wolverine Bolt Co,* 393 Mich 368, 376; 224 NW2d 856 (1975), citing *Jacobson v Miller,* 41 Mich 90; 1 NW 1013 (1879). Michigan has adopted the "broad" application of res judicata, which bars claims arising out of the same transaction that plaintiff could have brought but did not, as well as those questions that were actually litigated. The doctrine of res judicata applies equally to facts and law. *Gose, supra* at 161. The test for determining whether two claims arise out of the same transaction and are identical for res judicata purposes is whether the same facts or evidence are essential to the maintenance of the two actions. *Schwartz v City of Flint,* 187 Mich App 191, 194-195; 466 NW2d 357 (1991).

A comparison of the grounds asserted for relief is not a proper test. 46 Am Jur 2d, Judgments, § 413, p 580. See *York v Wayne Co Sheriff,* 157 Mich App 417, 423; 403 NW2d 152 (1987), where the plaintiffs sued for back pay for a period they had worked after being laid off. Their union had previously brought suit on their behalf. In the second action, plaintiffs argued that "their claim for unpaid wages in this action involves new theories of liability [e.g., quantum meruit] not addressed by the trial judge in the former action." *Id.* at 422-423. This Court upheld the granting of summary disposition based on res judicata: "Al-

though plaintiffs raise new theories of liability in this action, proof of the same facts or evidence as required to sustain the previous action is necessary in this action." *Id.* at 423. See also *Sorenson v Sawyer,* 54 Mich App 416, 417-418; 221 NW2d 183 (1974) (the plaintiff's suit barred by previous action by his insurer); *Swindlehurst v American Fidelity Fire Ins Co,* 2 Mich App 329, 335; 139 NW2d 910 (1966) (prior breach of contract claim barred later tort action for conversion); *Hlady, supra* at 378.

The facts appear to be identical in both of plaintiff's actions. To succeed in his action in Kentucky, plaintiff needed to prove (1) the existence of a contract between him and defendant and (2) a violation of its terms. To assert a right under § 3163(1), plaintiff would also have to prove (1) a valid contract with defendant and (2) an accident entitling him to benefits; see *Transport Ins Co v Home Ins Co,* 134 Mich App 645, 651; 352 NW2d 701 (1984). The Kentucky judgment has determined that a contract exists but that plaintiff was not entitled to benefits under it. The Kentucky judgment, then, renders plaintiff's present action res judicata.[3]

## II. DEFENDANT DID NOT WAIVE THE DEFENSE OF SPLITTING THE CAUSE OF ACTION.

Relying on MCR 2.203(A), plaintiff also argues that defendant waived its right to object in the Michigan action to his failure to join the potential Michigan statutory claim in his Kentucky action

---

[3] We would reach the same conclusion if we applied Kentucky law regarding res judicata. Plaintiff would have no cause of action in Michigan unless he had an "automobile liability insurance policy" with an insurer authorized to write automobile insurance in Michigan. Plainly, this right arises from that insurance contract and thus would be "germane to" or "implied in" a suit involving it. Plaintiff's Michigan claim could have been uncovered by reasonable diligence on the part of plaintiff's Kentucky attorney.

because it did not raise nonjoinder during the Kentucky proceedings. He would impose on defendant a duty to object in the Kentucky proceedings to his nonjoinder of claims on the basis of the Michigan court rules (MCR 2.203[A]) and Michigan case authority that holds that a defendant who fails to object to a plaintiff's nonjoinder waives the use of the defense of splitting the cause of action in a subsequent suit based on additional claims. *Rogers v Colonial Federal Savings & Loan Ass'n,* 405 Mich 607, 626; 275 NW2d 499 (1979). See also, e.g., *United Services Automobile Ass'n v Nothelfer,* 195 Mich App 87, 90; 489 NW2d 150 (1992).

Plaintiff cites no authority for the remarkable proposition that this state's court rules would displace the Kentucky rules of civil procedure. We have discovered no authority in Kentucky for imposing the "waiver" rule plaintiff seeks to apply.

Kentucky has long recognized the common-law rule that a plaintiff may not "split" his cause of action and bring multiple suits for the same injury. *Kirchner, supra* at 34; *Newman v Newman,* 451 SW2d 417, 419 (Ky, 1970). "Piecemeal litigation is contrary to the policy of the courts." *Overstreet v Greenwell,* 441 SW2d 443, 446 (Ky, 1969); *Wenk v Ruby,* 412 SW2d 247, 249 (Ky, 1967); see also, e.g., *Egbert v Curtis, supra* at 124 (the plaintiff should have brought counterclaim in earlier proceeding). It is an important principle in the doctrine of res judicata[4] that one cannot maintain two suits involving an indivisible cause of action. *Davis v Tuggle's Administrator,* 297 Ky 376, 379; 178 SW2d 979 (1944). See also, e.g., *Travelers Indemnity Co v Moore,* 304 Ky 456, 460; 201 SW2d 7 (1947); *Hays v Sturgill, supra* at 34. This rule

---

[4] We do not find any significant distinction between the concepts of "splitting a cause of action" and "res judicata" in Kentucky jurisprudence. See *North East Coal Co v Blevins,* 277 SW2d 45, 47 (Ky, 1955).

benefits a defendant, preventing a multiplicity of actions arising from the same cause. *Louisville & N R Co v Mack Mfg Corp,* 269 SW2d 707, 709 (Ky, 1954). Sound judicial administration requires that, at some point, litigation over a particular controversy finally end. *Kirchner, supra* at 35.

Several other Kentucky cases illustrate this rule. In *Dennis v Fiscal Court of Bullitt Co, supra,* a police officer sued his former employer in federal court under 42 USC 1983. That suit was dismissed because the period of limitation had expired. He filed, in state court, a second suit based on the same alleged wrongs. The Kentucky Court of Appeals affirmed the order of summary judgment for the defendants, holding that the matter was res judicata. *Id.* at 611. In *England v Texas Co,* 280 SW2d 200 (Ky, 1955), the plaintiffs had previously collected damages from the defendant for water pollution caused by gasoline seepage when they sued for pollution of the soil. The court held the matter res judicata: "the previous actions should have sought permanent damages for the [soil] pollution." *Id.* at 201. "[A] complete and comprehensive injury is caused in the first instance, and the plaintiff would be splitting his cause of action if he could . . . bring a new suit for recurring personal injuries." *Kentucky West Virginia Gas Co v Matny,* 279 SW2d 805, 807 (Ky, 1955) (the plaintiffs were not entitled to compensation for period between the date the defendant's plant began operations and the date they brought suit, because they should have alleged permanent nuisance when the plant opened).

We conclude that a Kentucky court would find that plaintiff split his cause of action by bringing two separate suits based on the same claim. Plaintiff argues, however, in reliance on the Michigan

court rules, that defendant "waived" this defense because it was not pleaded in the Kentucky action. We disagree. Neither the Kentucky court rules nor Kentucky case law concerning the splitting of a cause of actions contains an automatic waiver provision. Rule 12.08 of the Kentucky Rules of Civil Procedure, CR 12.08, provides for waiver only of the defenses of "lack of jurisdiction over the person, improper venue, insufficiency of process, or insufficiency of service of process." Plaintiff relies on Kentucky's rule of permissive joinder. "A party asserting a claim of relief . . . *may* join either as independent or alternate claims, as many claims . . . as he has against an opposing party" (emphasis added). CR 18.01. He contrasts CR 18.01 with Michigan's rule of compulsory joinder, MCR 2.203(A). This contrast in joinder rules, however, does not advance the automatic waiver argument.[5]

Moreover, the defense of splitting a cause of action becomes relevant when plaintiff has filed two separate suits. See, generally, 18 Wright, Miller & Cooper, Federal Practice & Procedure, § 4404, pp 22-32. At the relevant time for filing its answer, defendant could not have raised the defense, because plaintiff had not filed a second suit in Kentucky or anywhere.

---

[5] In addition, even if we were to apply Michigan's rule to this matter, plaintiff's argument would fail. MCR 2.203(A)(2) provides that the waiver rule "does not affect collateral estoppel or the prohibition against relitigation of a claim under a different theory." Because we have already held that plaintiff's Michigan action is "a claim under a different theory," MCR 2.203(A)(2) would not prevent defendant from raising the defense that plaintiff has split his cause of action. See *McCarthy & Associates, Inc v Washburn,* 194 Mich App 676, 680-681; 488 NW2d 785 (1992) (where the plaintiff could recover damages under only one theory, he had presented a single claim for relief), disagreeing with *Derbeck v Ward,* 178 Mich App 38, 42; 443 NW2d 812 (1989) (where the plaintiff alleged multiple acts of negligence had advanced different theories, even though he had only one claim). Under Administrative Order No. 1990-6, extended by Administrative Orders No. 1991-11, 1992-8, and 1993-4, we are bound to follow *McCarthy.*

### III. THE CIRCUIT COURT PROPERLY ACCORDED FULL FAITH AND CREDIT TO THE JUDGMENT OF THE KENTUCKY COURT.

Plaintiff also argues that the circuit court should not have accorded full faith and credit to the Kentucky judgment because it would "compromise the integrity" of Michigan's no-fault law and generally violate public policy. We disagree.

US Const, art IV, § 1 provides: "Full Faith and Credit shall be given in each State to the . . . judicial Proceedings of every other State." Michigan's courts are obligated to enforce the orders of other states' courts. *In re Clausen,* 199 Mich App 10, 19; 501 NW2d 193 (1993), aff'd 442 Mich 648, 662; 502 NW2d 649 (1993). A foreign judgment is conclusive if jurisdiction has been obtained over parties and the subject matter. *Nat'l Equipment Rental, Ltd v Miller,* 73 Mich App 421, 424; 251 NW2d 611 (1977), citing *Wagner v Rychwalski,* 310 Mich 399, 403-404; 17 NW2d 229 (1945). The Full Faith and Credit Clause requires that a foreign judgment be given the same effect that it has in the state of its rendition. *Van Pembrook v Zero Mfg Co,* 146 Mich App 87, 104; 380 NW2d 60 (1985), quoting *Johnson v Haley,* 357 Mich 411, 418-419; 98 NW2d 555 (1959). The res judicata effect of a judgment from another jurisdiction must be respected in Michigan courts. *Pratt v Miedema,* 311 Mich 64, 67-68; 18 NW2d 279 (1945); *Beck v Westphal,* 141 Mich App 136, 140; 366 NW2d 217 (1984). This constitutional provision relates to the effect of judicial proceedings of other states "as evidence or as a bar to further litigation." *Steward v Eaton,* 287 Mich 466, 478; 283 NW 651 (1939), citing *Chicago & A R Co v Wiggins Ferry Co,* 108 US 18; 1 S Ct 614; 27 L Ed 636 (1883).

The purpose behind the Full Faith and Credit Clause as applied to judicial proceedings is to

avoid relitigation in other states of adjudicated issues. *Van Pembrook, supra* at 104, quoting *Sutton v Lieb,* 342 US 402, 407; 72 S Ct 398; 96 L Ed 2d 448 (1952). That purpose is served here by according full faith and credit to the Kentucky judgment. Plaintiff's argument that crediting the Kentucky decision would "compromise the integrity" of Michigan's no-fault scheme is unconvincing. Because tort recovery in Michigan is limited, MCL 500.3135; MSA 24.13135, the apparent intent of § 3163 of the no-fault act was to guarantee that insured nonresidents injured in Michigan, who would be unable to obtain relief through tort claims, would be protected against economic losses to the same extent as Michigan residents are. It was not intended to create an entirely new source of recovery, independent of the policy from which the claim arose.[6]

Plaintiff also argues that application of the doctrine of comity should not lead us to hold that the Kentucky decision is a bar to plaintiff's Michigan claim. Because we are constitutionally obligated to afford full effect to the Kentucky decision, we need not consider this argument. " '[A] civilized State is accustomed and considers itself bound to observe the principle of comity.' " *Rubin v Gallagher, supra* at 128, quoting *Pritchard v Norton,* 106 US 124, 129; 1 S Ct 102; 27 L Ed 104 (1882).

Plaintiff's final argument, that the proceedings of this case should be stayed pending the outcome of his appeal in Kentucky, is moot in light of the finality of that action.

Affirmed.

---

[6] This Court has divided on the importance of the terms of the underlying policy in § 3163 cases. Compare *Clute v General Accident Assurance Co of Canada,* 179 Mich App 527, 536, n 2; 446 NW2d 839 (1989) (policy terms were relevant to determining if insurer would be allowed set-off potentially available under § 3109) with *Transport Ins Co, supra* at 653 (benefits available even when insured was injured in a vehicle not "covered" under the policy).